James A. WILLIAMS, Appellant,

v.

R. J. McNEALY et al., A. C. Muldoon,
Appellees.

No. 15206.

United States Court of Appeals
Ninth Circuit.

Nov. 9, 1956.

Ralph E. Hopper, Oakland, Cal., and James A. Williams, in pro. per., for appellant.

Robert J. McNealy, Harry O. Arend, Hubert A. Gilbert and Everett W. Hepp, Fairbanks, Alaska, for appellees.

Before DENMAN, Chief Judge, POPE, Circuit Judge, and HAMLIN, District Judge.

DENMAN, Chief Judge.

Williams appeals from a judgment of the District Court for the District of Alaska, Fourth Division, dismissing his complaint filed on February 4, 1956 in the above entitled action on the ground that the action was barred by the statute of limitations.

The complaint against McNealy and Muldoon charges:

(1) That McNealy (a) in June 1953 fraudulently obtained $500 from appellant upon a false allegation that he, McNealy, had obtained a valid liquor license for a certain night club; (b) on July 31, 1953 fraudulently obtained $250 from appellant on the false representation that he had caused a valid liquor license to be transferred to a certain address; and (c) on August 15, 1953 embezzled $250 which appellant had left in trust with McNealy.

(2) As to Muldoon, appellant alleges that on the 31st of July, 1953 Muldoon fraudulently obtained $250.00 from appellant by falsely representing that he had sold a liquor license for a certain location.

McNealy and Muldoon each moved to dismiss the complaint on the ground that the claims against each were torts barred by the Alaska statute of limitations, 3 A.C.L.A.1949, § 55–2–7 as far as pertinent providing:

"Within two years—

"First. An action for libel, slander, assault, battery, seduction, false imprisonment or for any injury to the person or rights of another not arising on contract and not herein especially enumerated * * *."

The district court granted the motions and the complaints were dismissed.

Appellant, appearing below and herein propria persona, does not claim that the two year statute of limitations does not cover his claimed torts but contends that the statute was tolled by 3 A.C.L.A. 1949, § 55–2–15 which, so far as pertinent, provides:

"*Exceptions as to persons under legal disability.* If any person entitled to bring an action mentioned in this article * * * be at the *time* the cause of action *accrued* * * *.

"Third. Imprisoned on a criminal charge, or in execution under-

sentence of a court for a term less than his natural life.

"The time of such disability shall not be a part of the time limited for the commencement of the action * * *."

The controlling words here are that the tolling begins only if the litigant be "Imprisoned on a criminal charge" "at the time the cause of action accrued." Nowhere does the record in this case show that on or before August 15, 1953, the latest date of the alleged tortious acts was Williams imprisoned.

The claimed tolling statute not being applicable, the court did not err in dismissing the complaint.

The judgment is affirmed.