James A. WILLIAMS, Appellant,

v.

C. P. COUGHLAN, Ted McRoberts, Otheal Waitland, La Dessa Nordale, T. N. Gore, and R. J. McNealy, Appellees.

No. 15780.

United States Court of Appeals Ninth Circuit.

Feb. 28, 1958.

James A. Williams, in pro. per.

George M. Yeager, U. S. Atty., Fairbanks, Alaska, for appellees.

Before HEALY, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellant Williams on the 15th day of October, 1956, caused to be filed in the District Court of Alaska a complaint seeking damages against appellees for alleged wrongful acts. The District Court dismissed the action on the ground that the statute of limitations had run before the action was filed. An appeal was taken to this Court and the judgment of dismissal was affirmed as to appellee Coughlan. Relative to the remaining appellees, this Court was unable to determine their status from the record then before it and took no action as to them.

Subsequently appellant caused the record to be supplemented and this Court of its own motion caused the original complaint to be filed as a part of the record before it.

Appellant has abandoned his appeal as it affects appellees Waitland, Nordale, Gore and McNealy, but prosecutes it insofar as appellee McRoberts, a United States Marshal, is concerned.

The District Court, pursuant to motion duly made, dismissed the action against Ted McRoberts on the ground that the statute of limitations had run before the action was commenced.

The cause of action against McRoberts as alleged in the complaint accrued on the 7th day of July, 1953. At that time appellant was in custody under a sentence of imprisonment. 1949 A.C.L.A. section 55–2–6 provides that "An action against a marshal, coroner, or constable, upon a liability incurred by the doing of an act in his official capacity or in virtue of his office" must be begun "within three years."

If the applicable statute in the instant case can be said to be section 55–2–6, then the elapsed time between July 7, 1953, the date of the accrual of the action, and October 15, 1956, the date the complaint was filed, is more than three years. Appellant in his brief asserts and argues that the complaint was filed on July 15, 1956, but he is clearly mistaken in this.

Alaska has an additional statute of limitations which concerns inmates of prisons. This statute provides:

"If any person entitled to bring an action * * * be at the time the cause of action accrued, * * *

"Third. Imprisoned on a criminal charge, or in execution under sentence of a court for a term less than his natural life.

"The time of such disability shall not be a part of the time limited for the commencement of the action, but the period within which the action shall be brought shall not be extended in any case longer than two years after such disability ceases." 1949 A.C.L.A. § 55–2–15.

Appellant was imprisoned at the time the alleged cause of action arose and was released on December 5, 1953. In the event this section is applied, then appellant had two years from and after December 5, 1953, but having failed to file his complaint until October 15, 1956, the statute had clearly run.

Counsel for appellee McRoberts has argued in this court that the appellant, because of his incarceration at the time the action was filed, had no capacity to sue. For aught that can be determined from the record, this point was not raised in the lower court and, inasmuch as the trial court did entertain the action and render a judgment of dismissal on grounds of the statute of limitations alone, it seems rather late to be raising the point at this juncture. Appellee McRoberts also raises the question of the immunity of a United States Marshal from suit. This point was raised in the court below, but we find it unnecessary to pass on it because of our holding that the statute of limitations had run. Appellee evidently considered the question of the statute of limitations of such little importance that he did not mention it in his brief.

Affirmed.