James A. WILLIAMS, Appellant,

v.

PIERCE COUNTY BOARD OF COMMIS-SIONERS et al., Appellees.

No. 16312.

United States Court of Appeals
Ninth Circuit.

May 22, 1959.

James A. Williams, in pro. per.

John G. McCutcheon, Pros. Atty., Keith D. McGoffin, Chief Civil Deputy,

Pierce County, Tacoma, Wash., for appellees.

Before POPE, CHAMBERS and HAMLEY, Circuit Judges.

PER CURIAM.

This was an action by James A. Williams against the Pierce County, Washington, Board of Commissioners, the Pierce County Sheriff and two of his deputies. It sought damages on account of the action of the defendants in arresting plaintiff upon a "fugitive warrant", and for their failure to forward plaintiff's letter to a Pierce County Superior Judge which enclosed an application for a writ of habeas corpus.

Apparently plaintiff sought to predicate jurisdiction on diversity of citizenship. His allegation was merely as to the "residence" of the parties. We assume this defective allegation was open to amendment, and hence that we are justified in discussing other questions deemed dispositive of this appeal. See Brooks v. Yawkey, 1 Cir., 200 F.2d 663; Mantin v. Broadcast Music, Inc., 9 Cir., 244 F.2d 204.

Plaintiff applied to the district court for leave to proceed in forma pauperis. This was denied, and from that denial this appeal is taken.[1]

■ Appellant asserts error of the trial judge in failing to disqualify himself after an affidavit had been filed by plaintiff charging the judge with bias. The affidavit stated no facts showing bias. Its conclusions of bias and prejudice were properly disregarded by the judge. Title 28 U.S.C.A. § 144; Scott v. Beams, 10 Cir., 122 F.2d 777, 788.

■■ As for the denial of leave to proceed in forma pauperis, such leave may be obtained only upon an affidavit made as required by Sec. 1915 of Title 28 U.S.C.A. Appended to the statement signed by appellant and which he entitled an affidavit is a certificate, in the form commonly appended to deeds and similar instruments, reciting that Williams, "known to me to be the person described in and whose name is subscribed to the within instrument, and he acknowledged to me that he executed the same." There was no certificate that appellant took any oath, or swore to his statement. The document was not an affidavit. Bradley v. United States, 9 Cir., 218 F.2d 657, 659.

To insist upon compliance with the statute's requirement of an affidavit is not unfair to appellant who, though he acts as his own lawyer, is an old hand at litigation.[2] The decision of the district court is affirmed.

---

1. As to whether such an order is an appealable one, see cases cited in Application of Hodge, 9 Cir., 248 F.2d 843, 844.

2. See Williams v. United States, 9 Cir., 261 F.2d 224; Williams v. Coughlan, 9 Cir., 253 F.2d 284; Williams v. Heritage, 9 Cir., 250 F.2d 390; Williams v. Coughlan, 9 Cir., 244 F.2d 6; Williams v. McNealy, 9 Cir., 239 F.2d 150; Williams v. Strand, 9 Cir., 239 F.2d 151; Williams v. United States, 9 Cir., 236 F.2d 894; Williams v. Peters, 9 Cir., 233 F.2d 618; Williams v. United States, 9 Cir., 221 F.2d 236; Williams v. United States, 9 Cir., 219 F.2d 300.