**Dennie L. PHIPPS, Plaintiff,**

v.

**Dr. George ARMOUR et al., Defendants.**

**Civ. A. No. 2725.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 15, 1971.

Daniel L. Phipps, pro se.

Shelby Smoot, Kingsport, Tenn., for Tom Dotson, Jr.

Howard Wilson, Kingsport, Tenn., for State of Tenn. and John Byers.

Edwin L. Treadway and W. Scott Trundle, Kingsport, Tenn., for Dr. George Armour, for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action in which the plaintiff Mr. Phipps seeks money damages and injunctive relief for the violation of his federally protected civil rights. 42 U.S.C. §§ 1983, 1985. The defendants, Honorable John Byers, and Carl Kirkpatrick, Esq., are sued individually as well as "agents" of the state of Tennessee. The state of Tennessee cannot be brought herein as party defendant in this manner. It is not a "person" within the meaning of 42 U.S.C. § 1983. Wampler v. State of Tennessee, et al., C.A.6th (1970), unreported, No. 20446. Each of the named defendants has filed a motion to dismiss the action of the plaintiff, on the ground that he has failed to state a claim against each of them on which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.

As to the defendants Judge Byers and Mr. Kirkpatrick, the motions have merit. The complaint reflects that the acts of Judge Byers of which Mr. Phipps complains were done in the exercise of his judicial function, where he had jurisdiction over both parties and the subject matter. Thus, he is immune from the plaintiff's action herein. Kenney v. Fox, C.A.6th (1956), 232 F.2d 288, 292[4], certiorari denied sub nom. Kenney v. Killian (1956), 352 U.S. 855, 77 S.Ct. 84, 1 L.Ed.2d 66. The complaint reflects further that the acts of Mr. Kirkpatrick were done in his capacity as a prosecuting attorney. As such quasi-judicial officer, he enjoys the same immunity as that which protects a judge. Kenney v. Fox, *supra*, 232 F.2d at 290[3].

As to the remaining defendants, the plaintiff complains that he was convicted of the burglary of a house on Febru-

ary 6, 1968, in a non-jury trial in which he was deprived of his right under the federal Constitution, Fifth and Fourteenth Amendments, to due process of law, and that since that trial the defendants have been individually and conspiratorily depriving him of due process and the equal protection of Tennessee law by frustrating his right to appeal and to other post-conviction relief.

■ It is patent that this action, which was commenced on May 14, 1971, is barred by the applicable statute of limitation of such actions for any acts alleged to have occurred on February 6, 1968. There is no federal statute limiting civil rights actions, and therefore the applicable statute of Tennessee controls. Ellenburg v. Shepherd, D.C.Tenn. (1966), 304 F.Supp. 1059, 1061[2], affirmed C.A.6th (1968), 406 F.2d 1331, certiorari denied (1969), 393 U.S. 1087, 89 S.Ct. 878, 21 L.Ed.2d 781. The applicable statute of limitation of Tennessee[1] which controls the plaintiff's action for damages for violation by the defendants of his civil rights is T.C.A. § 28–304, and as this action was not commenced within one year after the plaintiff's cause of action relating to his criminal trial accrued, the complaint must be dismissed. See Gentry v. Evans, D.C.Tenn. (1969), 310 F.Supp. 840, 840–841[1], [2].

■ Now as to that portion of the plaintiff's allegations relating to matters occurring no more than one year prior to May 14, 1971, it does not appear that any claim is made of conduct of the defendants, Dr. Armour or Mr. Dodson, Esq., within that period which might subject them to a claim of liability. There are no allegations of fact which justify the broad conclusions of Mr. Phipps as to the claimed liability of these defendants. " * * * A pleading will not be sufficient to state a cause of action under the Civil Rights Act if its allegations are but conclusions. * * * " Place v. Shepherd, et al., C. A.6th (1970), 446 F.2d 1239, 1244.

■ From all of which, the respective motions of the defendants hereby are granted, and this action hereby is dismissed. Were it not for this disposition of this action, this Court would order stricken from Mr. Phipps' pleadings the impertinent matter which he included. Rules 11, 12(f), Federal Rules of Civil Procedure. This was not necessary to a presentation of his legal position and will not be tolerated from any person in this Court.

Should the plaintiff give timely notice of appeal from this decision he is authorized to proceed on appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure.

---

[1] " * * * Actions * * * brought under the federal civil rights statutes * * * shall be commenced within one (1) year after the cause of action accrued. * * * " T.C.A. § 28–304.