**Robert E. H. CARLISLE, Plaintiff,**

v.

**Allyn R. SIELAFF, Director, Department of Corrections, Adult Division, Individually and in his official capacity for the Illinois Department of Corrections, Defendant.**

**Civ. No. 73-158-E.**

United States District Court,
E. D. Illinois.

March 26, 1974.

---

Robert E. H. Carlisle, pro se.

William J. Scott, Atty. Gen., State of Illinois (Ronald Hanna, Asst. Atty. Gen., of counsel), for defendant.

## ORDER

FOREMAN, District Judge:

Plaintiff, presently confined at the Illinois State Penitentiary, Menard, Illinois, has filed this civil suit pursuant to 42 U.S.C. Section 1983, in which he seeks declaratory and injunctive relief.

Carlisle has filed this suit on behalf of himself and all other persons similarly situated, seeking to have it considered a class action on behalf of all present inmates in the Illinois State Penitentiary, and on behalf of those persons who in the future will be committed to the custody of the Defendant for incarceration pursuant to Rule 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure. The Court does not feel that there is sufficient indication that this *pro se* plaintiff will fairly and adequately represent the interests of the class. Thus, the Court feels that it should not be considered as a class action, but will nonetheless consider Carlisle's claims as they relate to him.

Carlisle contends that a letter which he had sent to a Mrs. Jeanette Musengo

of the Chicago Connections was returned to the institution. Apparently the letter was sent in a sealed envelope to the National Lawyers Guild requesting the Guild to forward the letter to Mrs. Musengo. The Guild, however, returned the letter to the institution where it was read by prison officials. The letter was highly critical of certain prison officials, particularly Ryburn Eaton, and also various prison policies. The letter also mentions that Carlisle was considering an escape attempt. Carlisle was then brought before an Assignment Committee which included Ryburn Eaton. That committee decided that Plaintiff should be placed in segregation, although the reasons for the committee action are unclear. Ryburn Eaton in his affidavit states that because of the escape attempt, the committee felt Carlisle presented a definite threat to the security of the institution and it, therefore, placed him in segregation. Counsel for the Defendant states the reason Carlisle was placed in segregation is that he violated Illinois Department of Corrections, Rule 824, which seems to prohibit sending of letters to one person to forward to another.

■ If he was placed in administrative segregation for protection of the institution or to prevent an escape, such action has been approved by numerous court decisions which have considered the question, Mason v. Brown, 362 F. Supp. 518 (E.D.Va.1973); Long v. Harris, 332 F.Supp. 262 (D.Kansas 1971); Breece v. Swenson, 332 F.Supp. 837 (W.D.Mo.1971); Davis v. Lindsay, 321 F.Supp. 1134 (S.D.N.Y.1971); Smoake v. Fritz, 320 F.Supp. 609 (S.C.N.Y. 1970). It is also well settled that it is permissible to place an inmate in segregation for violation of a prison rule. Thus, it does not appear that his placement in segregation violated any of Carlisle's constitutional rights.

Plaintiff contends that his claim "is simply to send mail concerning prison affairs, management, treatment of offenses within the prison to news officials, lawyers, and legal researchers, without the interference of administrative reprisals for his statements critical of institutional procedures and policies." The Court notes initially that this complaint does not raise the issue of access to the courts. Plaintiff does not contend that he has been unable to correspond with any attorney or any court. Nor does it appear from the record that Mrs. Musengo is an attorney. This Court has previously held that prison officials may not reject for mailing letters written by inmates to family and friends which depict conditions and events in the prison and the inmate's opinions thereof simply for the reason that prison officials consider the letters untrue. Adams v. Carlson, 352 F.Supp. 882 (E.D.Ill.1973) reversed on other grounds 488 F.2d 619 (7th Cir. 1973). Carlisle indicates that he does not challenge the right of prison officials to read all "letters to the addressee" nor to inspect them for contraband or escape plans. He does not assert a right to correspond with unlimited numbers of individuals.

■ Plaintiff makes several other prayers for relief, but he does not allege any facts whatsoever in support thereof. As Defendant notes, even if Plaintiff's prayer itself is treated as an allegation it is only conclusory and, therefore, insufficient to support a claim under the Civil Rights Act. Dieu v. Norton, 411 F.2d 761 (7th Cir. 1969).

■ The Court feels compelled to point out that apparently Ryburn Eaton sat on the Assignment Committee which considered Carlisle's case and part of the evidence was a letter which was very critical of Ryburn Eaton. The Court does not think this satisfies the requirement of an impartial decision-maker as required by Miller v. Twomey, 479 F.2d 701 (7th Cir. 1973). The Court will not order a new hearing because Carlisle does not request one and because to do so would be meaningless. Carlisle has

admitted he violated the prison regulation both in his complaint and in a subsequent letter to Eaton. Therefore, having Eaton sit on the committee would only be harmless error.

For the reasons stated above, Defendant's motion to dismiss is hereby granted and this complaint is hereby dismissed.