### INMATES, WASHINGTON COUNTY JAIL, Plaintiffs,

v.

### Ron ENGLAND, etc., et al., Defendants.

### Civ. No. 2-80-113.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 1, 1980.

Charles E. Bobo, pro se.

Ferdinand Powell, Jr., Johnson City, Tenn. and William C. Bovender, Kingsport, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

No timely written objection to the recommendations of a magistrate herein of No-

vember 6, 1980 having been served and filed, the undersigned judge hereby ACCEPTS such recommendations. 28 U.S.C. § 636(b)(1). In accordance with such recommendations, and for the reasons stated by the magistrate in his comprehensive report and recommendation:

(1) the motion of the plaintiffs for an extension of time to respond, move and/or answer, Rule 6(b), Federal Rules of Civil Procedure, hereby is DENIED as MOOT;

(2) the motion of the defendants Messrs. Ron England and R. Thompson for summary judgment, Rule 56(b), Federal Rules of Civil Procedure, hereby is GRANTED, Rule 56(c), Federal Rules of Civil Procedure;

(3) the motions of the plaintiffs for an enlargement of time in which to respond to the motion of the defendants for summary judgment and to amend the complaint, Rule 6(b), *supra*, and for the appointment of counsel, each, hereby is DENIED, *idem.*; 28 U.S.C. § 1915(d);

(4) the Court hereby DETERMINES that this action is not to be maintained as a class action, Rule 23(c)(1), Federal Rules of Civil Procedure;

(5) the motion of the defendant county commissioners for a dismissal of this action for the failure of the plaintiffs to state a claim against them upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, hereby is GRANTED; and,

(6) any state law claims asserted herein hereby are DISMISSED, *United Mine Workers of America v. Gibbs* (1966), 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218.

## REPORT AND RECOMMENDATION

MURRIAN, Magistrate.

This matter was referred to the undersigned United States Magistrate pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for a report and recommendation on the following matters: [1]

(1) The motion of the plaintiffs for an extension of time to respond, move and/or answer, Rule 6(b), Federal Rules of Civil Procedure (File No. 8);

(2) The motion of the defendants Ron England and R. Thompson for summary judgment, Rule 56(b), Federal Rules of Civil Procedure (File No. 9);

(3) The motions of the plaintiffs for an enlargement of time in which to respond to the defendants' motion for summary judgment and to amend the complaint, Rule 6(b), Federal Rules of Civil Procedure (File Nos. 11, 13 and 14) and for the appointment of counsel (File No. 13);

(4) The propriety of allowing this action to proceed as a class action, Rule 23(c)(1), Federal Rules of Civil Procedure; and

(5) The motion of the defendant county commissioners to dismiss for failure to state a claim upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure (File No. 16).

This is an action for the alleged violations of constitutional rights, including rights guaranteed by the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988. Jurisdiction is premised upon 28 U.S.C. §§ 1331 and 1343. The plaintiffs also seek to recover for alleged violations of state law. They seek compensatory and punitive damages, equitable relief and a declaratory judgment.

The plaintiffs are 12 present or former inmates of the Washington County (Tennessee) Jail (Jail). Since this action was filed, 5 have been released and 5 have been transferred to state institutions in Nashville, Tennessee. Only 2 remain in the Jail. The defendants are Ron England, Washington County Sheriff; R. Thompson, Washington County Jail Administrator; and unnamed Washington County Commissioners.

The matters pending will be considered below *seriatim*.

---

[1.] In light of the fact that all such matters are interrelated, the non-dispositive matters are treated in this report and recommendation together with the dispositive motions.

### I. First Motion for Extension of Time to Respond

This motion (File No. 8) was disposed of in the undersigned's order filed October 2, 1980 (File No. 12).

### II. Motion for Summary Judgment

In ruling upon a motion for summary judgment, the Court must view the evidence together with all inferences in the light most favorable to the party opposing the motion. *Smith v. Hudson*, C.A. 6th (1979), 600 F.2d 60, 63[4], certiorari dismissed 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415. The movant has the burden of showing conclusively that there exists no genuine issue of material fact and that he is entitled to a judgment as a matter of law. *Id.*

 In considering such a motion, the Court should consider the " * * * pleadings, depositions, answers to interrogatories, and admissions * * *" and affidavits properly on file. *Id.*, 600 F.2d at 64 [5]; Rule 56(c), Federal Rules of Civil Procedure. The plaintiffs have filed several documents in response to the defendants' motion for summary judgment which controvert some of the statements in the affidavit of defendant Thompson. However, none of these documents was sworn to under oath under penalty of perjury and none, therefore, is an affidavit. *See Williams v. Pierce County Board of Commissioners*, C.A. 9th (1959), 267 F.2d 866, 867 [3]; *Black's Law Dictionary* (4th Ed. 1968). Neither can the complaint be considered as an affidavit. Although it is notarized, it is not verified under oath. *See Khan v. Garanzini*, C.A. 6th (1969), 411 F.2d 210, 212–213 [2, 4].

### A. § 1983 Claims

 Convicted non-federal prisoners have the right under the Eighth Amendment, through the Fourteenth Amendment, to be free from cruel and unusual punishment. *Furman v. Georgia* (1972), 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346.

The Supreme Court has recently set forth the standard by which the constitutionality of pretrial detention conditions of confinement are to be evaluated. *Bell v. Wolfish* (1979), 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447. The inquiry is whether such conditions amount to " * * * punishment * * *" or otherwise violate a specific constitutional provision. *Id.*, 441 U.S. at 535–538, 99 S.Ct. at 1872–73. If a particular restriction is " * * * reasonably related to a legitimate governmental objective * * *" such as the need to manage the institution and to maintain order and security, then it does not amount to " * * * punishment. * * *" *Id.*, 441 U.S. at 538–542, 99 S.Ct. at 1874–75. " * * * [I]n the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to [such] considerations, courts should ordinarily defer to their expert judgment in such matters. * * *" *Id.*, 441 U.S. at 540–541, 99 S.Ct. at 1875 n. 23, 1878 (quoting *Pell v. Procunier* (1974), 417 U.S. 817, 827, 94 S.Ct. 2800, 2806, 41 L.Ed.2d 495, 504).

 Even specific constitutional rights are subject to certain restrictions and limitations in the prison or jail context. *Id.*, 441 U.S. at 544, 99 S.Ct. at 1877. The allegedly unconstitutional practice " * * * must be evaluated in the light of the central objective of prison administration, safeguarding institutional security. * * *" *Id.*, 441 U.S. at 546, 99 S.Ct. at 1878. Courts should defer to the expertise of prison officials in the absence of substantial evidence of an " * * * exaggerated * * * response * * *" to such needs. *Id.*

The uncontroverted facts presented herein are evaluated below, *seriatim*, in light of these legal standards as well as appropriate case law bearing on the more specific claims asserted.

1. In paragraph 7 of the complaint, 10 of the plaintiffs assert individual claims which are discussed below *seriatim*:

 (a) Plaintiff James W. Tittle, a pretrial detainee, claims that he was denied medical treatment. A prisoner's constitutional rights are violated if prison or jail

authorities show a " * * * deliberate indifference to serious medical needs. * * " *Estelle v. Gamble,* (1976), 429 U.S. 97, 104, 106, 97 S.Ct. 285, 291, 292 [8, 12], 50 L.Ed.2d 251, 260 (Eighth Amendment rights of convicted prisoners); *Inmates of Allegheny County Jail v. Pierce,* C.A.3d (1979), 612 F.2d 754, 762 [7, 8] (Fourteenth Amendment due process rights of pretrial detainees).

■ Although the complaint states that Mr. Tittle is 100% permanently disabled with a back and leg injury, there are no facts showing that this condition was a serious one requiring immediate medical attention. There are uncontroverted facts showing that Mr. Tittle was eventually taken to a doctor and no follow-up treatment was required. There is no genuine issue of material fact and the defendants are entitled to a judgment on this claim as a matter of law. *Id.*

■ (b) The claim of plaintiff James W. Feathers, a pretrial detainee, is time-barred by the 1–year Tennessee statute of limitations. T.C.A. § 28–304. *See Willett v. Wells,* D.C.Tenn. (1977), 469 F.Supp. 748, 753 [8, 9] aff'd, C.A. 6th (1979), 595 F.2d 1227.

(c) Plaintiff Fred G. Psioda, a convicted prisoner, claims that he was forced to appear in court in " * * * soiled prison clothing. * * * "

■ Such requirement does not amount to cruel and unusual punishment under the Eighth Amendment, through the Fourteenth Amendment. Furthermore, Mr. Psioda's constitutional rights of access to the courts and to counsel are not impinged upon by such a requirement. *See Mingo v. Patterson,* D.C.Colo. (1978), 455 F.Supp. 1358, 1363 [19] (" * * * the constitutional rights to counsel and access to the courts [do] not contemplate the right to have 'particular' clothing available to wear at trial. * * * "); *cf. Estelle v. Williams,* (1976), 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126.

■ If Mr. Psioda's claim is based upon an alleged denial of due process at a criminal trial, then the claim might possibly be raised in a habeas corpus proceeding, 28 U.S.C. § 2254. *See e. g. Kennedy v. Cardwell,* C.A. 6th (1973), 487 F.2d 101, certiorari denied 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310.

■ (d) Plaintiff Rodger D. Rich, a pretrial detainee, claims that he was denied the use of his shower shoes. There are no facts showing any " * * * deliberate indifference to serious medical needs, * * " *Estelle v. Gamble, supra; Inmates of Allegheny Cty. Jail v. Pierce, supra,* or that such denial amounts to " * * * punishment * * * " in violation of his due process rights under the Fourteenth Amendment, *Bell v. Wolfish, supra.* " * * * [T]he fact that * * * detention interferes with the detainee's understandable desire to live as comfortably as possible * * * during confinement does not convert the conditions or restrictions of detention into 'punishment.' * * * " *Id.,* 441 U.S. at 537, 99 S.Ct. at 1873, 60 L.Ed.2d at 467.

■ (e) Plaintiff Michael Harvey, a pretrial detainee, claims that he was denied visitors and unspecified articles they brought to him. He admits that he was not allowed to see the visitors because other visitors were there first. Defendant Thompson states by affidavit that visitation privileges are restricted for security reasons and because of limited space and that items brought to inmates are security-checked.

Mr. Harvey has not claimed, nor are there facts showing, that these restrictions are an exaggerated response to the legitimate needs to maintain security and order within the institution. Although such conditions may be less than ideal, they are not " * * * arbitrary or purposeless * * *." *Id.,* 441 U.S. at 538, 99 S.Ct. at 1874, 60 L.Ed.2d at 468.

(f) Plaintiff Charles H. Caudill, a pretrial detainee, claims that an officer refused to remove another inmate from his cell block after the latter caused a confrontation with Mr. Caudill and that " * * * the [o]fficers * * * " failed to solve the physical abuse committed on him when another inmate was " * * * slapping [Mr. Caudill] around. * * * "

■ An occasional incident in which officials may have failed to protect Mr. Caudill from isolated acts of other inmates is not constitutionally actionable. *See Jones v. Diamond*, C.A. 5th (1979), 594 F.2d 997, 1020 (convicts and pretrial detainees were not entitled to recover against prison officials where there was no showing of " * * * a pattern and practice of deliberate indifference to the security and protection of the prisoners. * * * "); *Woodhous v. Commonwealth of Virginia*, C.A. 4th (1973), 487 F.2d 889, 890[1] (the occurrence of mere isolated attacks by one inmate upon another does not state a claim against prison officials); *VanHorn v. Lukhard*, D.C.Va. (1975), 392 F.Supp. 384, 387 [4, 5].

(g) Plaintiff Charles E. Bobo, a pretrial detainee, claims that he was denied the use of his typewriter " * * * and other materials for filing legal briefs. * * * "

■ An inmate has a constitutional right to have access to the courts, a right which includes the right to have paper, pens or pencils. *Bounds v. Smith*, (1977), 430 U.S. 817, 821, 824–825, 97 S.Ct. 1491, 1494, 1496 [1, 3], 52 L.Ed.2d 72, 78, 80–81. However, that right does not include any constitutionally-protected right to have the use of a typewriter. *Twyman v. Crisp*, C.A. 10th (1978), 584 F.2d 352, 358[7]; *Lock v. Jenkins*, D.C.Ind. (1978), 464 F.Supp. 541, 552 [9].

Defendant Thompson states by affidavit that Mr. Bobo has access to paper, pens and/or pencils and that statement is uncontroverted. The defendants are entitled to a judgment as a matter of law on this claim. *Bounds v. Smith, supra.*

Mr. Bobo claims also that several times his visitors have been turned away; that he was not told he had visitors; and that only 15-minute visits are allowed.

■ Generally, visitation privileges are matters subject to the discretion of prison officials. *McCray v. Sullivan*, C.A. 5th (1975), 509 F.2d 1332, 1334 [4], certiorari denied 423 U.S. 859, 96 S.Ct. 114, 46 L.Ed.2d 86. Restrictions on a pretrial detainee's visitation privileges are not unconstitutional unless they amount to " * * * punishment. * * * " *Bell v. Wolfish, supra.*

Defendant Thompson states by affidavit that the jail policies on visitation are necessary for the maintenance of jail security and because of limited space. There is no indication that the restrictions imposed are an " * * * exaggerated response * * " to the legitimate need to maintain order and security in the jail or that they are " * * * arbitrary or purposeless. * * " *Id.*

(h) Defendant David H. Taylor, a convicted prisoner, claims that on 3 occasions his letters from attorneys and a governor were opened by officers and then given to him.

■ The opening of mail from a prisoner's attorney in the prisoner's presence is not a constitutional violation. *Wolff v. McDonnell* (1974), 418 U.S. 539, 576–577, 94 S.Ct. 2963, 2985 [20], 41 L.Ed.2d 935. *See Jones v. Diamond, supra*, 594 F.2d at 1014 [25]; *Crowe v. Leeke*, C.A. 4th (1977), 550 F.2d 184, 188. Requiring an inmate's presence should assure that such mail is not read. *Wolff v. McDonnell, supra.* Mr. Taylor has not claimed that the letters from his attorneys were opened outside of his presence or that they were read by the officers.

■ (i) Plaintiff Donald R. Arnett, a convicted prisoner, claims that on two occasions " * * * the entire population * * " of the jail was punished as the result of incidents involving only one inmate. These allegations are wholly conclusory. *See Phipps v. Armour*, D.C.Tenn. (1971), 335 F.Supp. 768, 770 [5]. No indication is given as to what " * * * punishment * * * " was imposed and Mr. Arnett has neither claimed, nor are there facts to show that, the sanctions imposed amounted to cruel and unusual punishment.

(j) Plaintiff Hugh Scalf, a convicted inmate, claims that defendant Thompson dismissed him as a trusty because he slept through supper and that defendant Thompson had failed to awaken him for supper although he had awakened other trustees.

There is no constitutional right to hold the position of trusty. *Rosson v. Weatherholtz*, D.C.Va. (1975), 405 F.Supp. 48, 49–50 [3]. The conferral of such a job upon an inmate and his removal from it are matters resting within the sound discretion of jail administrators. *Id.; Gardner v. Johnson*, D.C.Mich. (1977), 429 F.Supp. 432, 434 [5].

2. In paragraph 8 of the complaint, the plaintiffs assert various claims which are discussed below *seriatim*:

(a) The plaintiffs allege that they " * * * are not afforded their [c]onstitutional right to vote. * * * " Defendant Thompson states by affidavit that each jail inmate is charged with the responsibility of corresponding with the election commission regarding voting and that he knows of no prisoner who was denied the right to vote who followed election commission procedures.

The right of certain prisoners to vote has been recognized in recent litigation. *See Tate v. Collins*, D.C.Tenn. (1980), 496 F.Supp. 205, (suit against election officials and city mayor). However, in order to hold a defendant liable under 42 U.S.C. § 1983 it must be shown that such defendant's conduct subjected the plaintiff to deprivation of constitutional rights, privileges or immunities. *Basista v. Weir*, C.A.3d (1965), 340 F.2d 74, 79 [3]. Herein, there is no showing that the defendants are responsible for the alleged denial of the right to vote.

(b) The plaintiffs claim that medical facilities and procedures at the Jail violate their constitutional rights.

The Jail procedures manual attached to defendant Thompson's affidavit shows the existence of a " * * * Physician's Office-Sick Bay * * * " in the Jail and the existence of certain procedures for handling medical problems outside of the Jail. Mr. Thompson states that such procedures are adhered to by Jail personnel. There are no allegations of, or facts showing, a " * * * deliberate indifference to serious medical needs. * * * " *Estelle v. Gamble, supra.*

(c) The plaintiffs complain about the adequacy of fire protection at the Jail. Defendant Thompson states by affidavit that the Jail is equipped with fire hoses and extinguishers; that the fire department is one block away; that there are officers, closed-circuit television and an intercom for use in monitoring the Jail; that there are procedures in the Jail manual which are followed; and that the Jail has been approved by the State of Tennessee as having adequate safety precautions.

These conditions do not amount to cruel and unusual punishment, to " * * * punishment, * * * " or to a deprivation of constitutional dimension. *Bell v. Wolfish, supra.*

(d) The plaintiffs complain about inadequate lighting in the Jail and, specifically, that there are only two 60-watt bulbs in each cell block and none in the cells themselves.

Defendant Thompson states by affidavit that the deficiency has been noted in recent Tennessee Corrections Institute inspection reports; that $2000.00 has been spent in the past three years to correct it; and that efforts to improve the situation will continue.

There are no facts showing that the defendants' actions are " * * * arbitrary or purposeless, * * * " *Bell v. Wolfish, supra*, or that they amount to cruel and unusual punishment.

(e) The plaintiffs claim that the Jail visitation policies violate their Constitutional rights. As indicated previously, visitation privileges are generally matters resting within the sound discretion of prison officials. *McCray v. Sullivan, supra.*

Denial of contact visitation does not amount to " * * * punishment * * " and is not unconstitutional. *See Bell v. Wolfish, supra*, 441 U.S. at 560, 99 S.Ct. at 1885 n. 40, 60 L.Ed.2d at 482; *Jordan v. Wolke*, C.A. 7th (1980), 615 F.2d 749, 753–754 [4]. While a court might differ with the defendant jail officials as to the necessity and desirability of limiting each inmate

to 15 minutes of visitation per week, the language of the Supreme Court in *Bell v. Wolfish* requires deference to the determination of jail officials. The restriction is not " * * * arbitrary or purposeless. * * * " *Id.* There is nothing in the record to contradict the defendants' evidence that security and space limitations dictate the policy enforced at the Jail.

(f) The plaintiffs complain of an inadequate diet. Defendant Thompson states by affidavit that inmates are served three meals per day and meal plans are attached to his affidavit. The plaintiffs have not presented facts which contradict Mr. Thompson's statements and they may not rest on the bare allegations of their pleadings. *Smith v. Hudson, supra,* 600 F.2d at 65.

■ Although the meals provided to the plaintiffs may be less than ideal, there is no showing that they are insufficient to maintain normal health. *See Cunningham v. Jones,* C.A. 6th (1977), 567 F.2d 653, 655–60 [1].

■ (g) The plaintiffs claim that the Jail has no recreation facilities, that there is no sunshine and that there are only 50 square feet per inmate.

The plaintiffs have not alleged, nor are there facts showing, that these conditions are " * * * arbitrary or purposeless, * * * " *Bell v. Wolfish, supra*; that the restrictions adversely affect the mental or physical health of the plaintiffs, *Clay v. Miller,* C.A. 4th (1980), 626 F.2d 345, 347 [3]; that the conditions are imposed for an excessive number of days, *cf. Jordan v. Wolke, supra* (59 square feet per inmate not unconstitutional, especially in light of short period of confinement); *Spain v. Procunier,* C.A. 9th (1979), 600 F.2d 189, 199–200 (denial of outdoor exercise unconstitutional for inmates confined for a period of years); or that such conditions are an exaggerated response to a legitimate governmental objective, *Epps v. Levine,* D.C.Md. (1979), 480 F.Supp. 50, 52–53 (on motion for summary judgment, burden was on the plaintiff-inmates to show that there was no valid governmental purpose for providing only 50 square feet for every 2 inmates and for failing to provide more than 1 hour per week of exercise).

Although the undersigned could speculate that these conditions go beyond any legitimate governmental objective, that is not the province of the federal courts, especially in light of the sweeping language of the Supreme Court in *Bell v. Wolfish. See Epps v. Levine, supra.*

■ (h) The plaintiffs complain of inadequate clothing, sheets and towels. Defendant Thompson states by affidavit that inmates are provided with prison-issue clothing and that clothing, sheets and towels are cleaned and re-issued weekly. Such conditions do not amount to " * * * punishment * * * " of the pretrial detainees or to cruel and unusual punishment of convicted prisoners. *Bell v. Wolfish, supra.*

■ (i) The plaintiffs claim that their personal items are taken during " * * * shakedown inspections * * * " and are never returned. The Jail procedures manual provides for the receipting of all items taken from inmates and defendant Thompson states by affidavit that such procedures are followed. This claim is without merit.

■ The decision as to what personal items an inmate may have during his period of incarceration lies within the sound discretion of prison officials as long as items taken are properly returned upon his release from custody. *Cf. Kimbrough v. O'Neil,* C.A. 7th (1975), 523 F.2d 1057, 1059 [3] (plaintiff stated a claim for relief when he alleged that a ring was taken from him but not returned upon his release from custody). The plaintiffs herein have not claimed or presented facts showing that items taken were not returned to them upon release from custody. No constitutional violation is presented here. *Bell v. Wolfish, supra.*

■ (j) The plaintiffs complain about the water in the Jail. This claim should be dismissed as frivolous. There is no indication that the Jail water is any different from water used by the general population

or that the defendants are responsible for the condition of such water.

▇ (k) The plaintiffs complain about the physical condition of the Jail. The state inspection report attached to defendant Thompson's affidavit indicates that the physical structure of the Jail, its cleanliness and sanitation, and its plumbing fixtures were rated as " * * * adequate. * * " The Court should defer to the jail officials on these matters. *Bell v. Wolfish, supra.*

▇ (1) The plaintiffs complain of " * * * poor commissary conditions. * * * " This claim is vague and conclusory, *Phipps v. Armour, supra,* and does not state a claim, *Bell v. Wolfish, supra.*

(m) The plaintiffs claim that they do not have " * * * access to law books. * * " Defendant Thompson states by affidavit that inmates have access to a county mobile library; that " * * * [c]ounseling is provided * * * "; and that " * * * each of the plaintiffs herein received the benefit of counsel from either court-appointed or retained attorneys. * * * "

▇ The plaintiffs' claim is vague and conclusory. *Phipps v. Armour, supra.* The plaintiffs do not have a right *per se* to law books but rather a right to " * * * a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts. * * * " *Bounds v. Smith, supra,* 430 U.S. at 824–825, 97 S.Ct. at 1496, 52 L.Ed.2d at 80–81. No claim is made that the plaintiffs have been confined so long at the Jail before either their release or their transfer to state institutions that the lack of law books has prevented their having meaningful access to the courts. *See Cruz v. Hauck,* C.A. 5th (1975), 515 F.2d 322, 333 [19], certiorari denied, 424 U.S. 917, 96 S.Ct. 1118, 47 L.Ed.2d 322.

▇ (n) The plaintiffs claim that there are " * * * no educational opportunities at all. * * * " Defendant Thompson states that Jail inmates have access to a county mobile library. The Constitution does not require the defendants to provide " * * * educational opportunities. * * "

▇ (o) The plaintiffs claim that their complaints are ignored. This claim is vague and conclusory and should be dismissed. *Phipps v. Armour, supra.*

(p) The plaintiffs complain about the " * * * depressing * * * " conditions at the Jail. This claim is vague and conclusory and should be dismissed. *Id.*

(q) The plaintiffs claim that their religious freedoms are being violated because there is no place to worship in private. Defendant Thompson states by affidavit that ministers visit inmates weekly and are allowed to stand in the hall areas next to the cell blocks.

▇ Prisoners enjoy the constitutional right to freedom of religion. *Cruz v. Beto* (1972), 405 U.S. 319, 322, 92 S.Ct. 1079, 1081–1082, 31 L.Ed.2d 263, 268. Yet that right is subject to restrictions. *Bell v. Wolfish,* 441 U.S. at 544–546, 99 S.Ct. at 1877–1878, 60 L.Ed.2d at 471–473. The undersigned knows of no authority requiring jail officials to provide inmates with a place to worship in private. The defendants' policy which allows ministers to visit inmates but confines the ministers to the hallways outside of the cell blocks is not " * * * arbitrary or purposeless. * * * " *Id.*

## B. *§ 1985 Claims*

▇ The plaintiffs assert a claim under 42 U.S.C. § 1985.[2] As they have alleged no facts indicating the existence of a class-based invidiously discriminatory animus on the defendants' part, they have failed to state a claim for relief under 42 U.S.C. § 1985 or § 1986. *Griffin v. Breckenridge* (1971), 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338; *Smith v. Martin,* C.A. 6th (1976), 542 F.2d 688, 690 [3], certiorari denied, 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 388; *see also Browder v. Tipton,* C.A. 6th (1980), 630 F.2d 1149, 1150.

---

**2.** They apparently refer to § 1985(3) as they allege the existence of a conspiracy.

### III. Motions to Enlarge Time and for Counsel

█ It is the undersigned's recommendation that the plaintiffs' motions for the enlargement of time within which to respond to the defendants' motion for summary judgment and to amend the complaint be denied. Rule 6(b), Federal Rules of Civil Procedure. The plaintiffs had ample time to amend their complaint as of right, Rule 15(a), Federal Rules of Civil Procedure, and have responded to the defendants' motion for summary judgment.

█ Pursuant to 28 U.S.C. § 1915(d) the Court may request an attorney to represent indigent plaintiffs. *Reid v. Charney,* C.A. 6th (1956), 235 F.2d 47 [1]. The Court is under no duty to request counsel for the plaintiffs and should do so only in exceptional cases. *Willett v. Wells, supra,* 469 F.Supp. at 751 [3, 4]. In light of the unlikelihood that the plaintiffs herein could prevail on the merits and in light of the disposition recommended herein, the undersigned recommends that counsel not be requested to represent the plaintiffs.

### IV. Class Action

█ It would not be appropriate to certify this action as a class action. The plaintiffs have failed to show that the prerequisites to a Rule 23 action are met and there is no indication that the named *pro se* plaintiffs " * * * will fairly and adequately protect the interests of the class. * * * " Rule 23(a), Federal Rules of Civil Procedure. *See Carlisle v. Sielaff,* D.C.Ill. (1974), 62 F.R.D. 441, 442 [1]; *Jeffery v. Malcolm,* D.C.N.Y. (1973), 353 F.Supp. 395, 397 [2, 3]; 3B Moore's Federal Practice ¶ 23.02–2 at 23–89 to 23–92.

Furthermore, any declaratory relief granted herein would likely inure to the benefit of other similarly-situated individuals even though this case does not proceed as a class action. *See Craft v. Memphis Light, Gas and Water Division,* C.A. 6th (1976), 534 F.2d 684, 686 [1], *aff'd,* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30; *Smith v. Edmiston,* D.C.Tenn. (1977), 431 F.Supp. 941, 943 [1].

### V. Motion to Dismiss

█ Having found no constitutional violations with respect to the claims alleged herein, it is the undersigned's recommendation that the claims against the defendant county commissioners be dismissed.

█ Also, the undersigned recommends that such motion be granted because the plaintiffs have failed to allege what conduct of the defendant county commissioners deprived them of their constitutional rights. Two elements are requisite to recovery under 42 U.S.C. § 1983, *i. e., conduct* taken under color of state law by the person whose conduct is complained of and the subjection of the plaintiff by such conduct to an unconstitutional deprivation. 42 U.S.C. § 1983; *Basista v. Weir, supra.*

The plaintiffs claim that the defendant county commissioners

* * * are responsible and obligated to the Tax Payers to guarantee for jail security and provide for maintenance of Jail building and health and safety and well-being of the Inmates confined at the Washington County Jail. * * *

The defendant county commissioners are mentioned elsewhere in the complaint only under the plaintiffs' " * * * Third Claim * * * " wherein plaintiffs re-allege paragraphs 1 through 7 of their complaint to include all named defendants. There is no allegation that the conduct of the defendant county commissioners deprived the plaintiffs of their constitutional rights, that they were responsible for such conduct, or that the allegedly unconstitutional acts or conditions were the result of their policies or practices.

As such, it is the undersigned's recommendation that the defendant county commissioners' motion to dismiss be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.

### VI. State Law Claims

█ The plaintiffs apparently have attempted to assert various state law claims. In light of the recommended disposition herein of the federal claims, it is the under-

signed's further recommendation that the state law claims be dismissed also. *United Mine Workers of America v. Gibbs*, (1966), 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218.

VII. *Conclusion*

In light of the foregoing, the undersigned makes the following recommendations:

A. That the plaintiffs' motion for an extension of time to respond (File No. 8) be DENIED as moot, Rule 6(b), Federal Rules of Civil Procedure;

B. That the motion for summary judgment of defendants England and Thompson (File No. 9) be GRANTED, Rule 56(c), Federal Rules of Civil Procedure;

C. That the plaintiffs' motions for the enlargement of time and for counsel (File Nos. 11, 13 and 14) be DENIED, Rule 6(b), Federal Rules of Civil Procedure; 28 U.S.C. § 1915(d).

D. That class certification for this action be DENIED, Rule 23(c)(1), Federal Rules of Civil Procedure.

E. That the motion to dismiss of the defendant county commissioners (File No. 16) be GRANTED, Rule 12(b)(6), Federal Rules of Civil Procedure;

F. That any state law claims asserted herein be DISMISSED, *United Mine Workers of America v. Gibbs, supra.*