762 F.2d 1006
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROY DARRELL DONALD, PLAINTIFF-APPELLANT,
v.
RONALD C. MARSHALL, DEFENDANT-APPELLEE.
 NO. 84-3231
 United States Court of Appeals, Sixth Circuit.
 4/5/85
 ORDER
 
 1
 BEFORE: KEITH and KRUPANSKY, Circuit Judges, and COHN, District Judge.*
 
 
 2
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 This is an appeal from the district court's dismissal of the appellant's civil rights complaint. The district court found the complaint frivolous pursuant to 28 U.S.C. Sec. 1915(d). Donald is presently incarcerated at Southern Ohio Correctional Facility, Lucasville, Ohio. The allegations in the complaint surround an incident where the appellant was put in super maximum isolation for possessing two shanks--home made knives. The appellant alleged the following:
 
 
 4
 1) The penalty for the offense charged was disproportionate to the penalties received by other inmates for the same offense.
 
 
 5
 2) His constitutional rights were violated when the prison authorities, after placing appellant in isolation, confiscated his bible, typewriter, and law books.
 
 
 6
 3) His constitutional rights were violated when he was not permitted to receive Oui magazine. The magazine had been declared obscene by the prison mailroom supervisor.
 
 
 7
 When considering a pro se action for dismissal pursuant to 28 U.S.C. Sec. 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519 (1972); Malone v. Colyer, 710 F.2d 258, 260 (6th Cir. 1983). The court of appeals must independently examine the complaint to determine whether it is frivolous; an action is frivolous and may be dismissed under Sec. 1915(d) if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d at 260, 261.
 
 
 8
 Regarding the disproportionate penalty claim, prisoners have been successful in stating claims pursuant to 42 U.S.C. Sec. 1983 where administrative segregation is meted out in a grossly disproportionate manner. Furtado v. Bishop, 604 F.2d 80, 88 (1st Cir. 1979), cert. denied, 444 U.S. 1035. When taking the appellant's allegation as true, the claim does not appear to be frivolous under Malone v. Colyer, supra.
 
 
 9
 Likewise, the appellant's second claim concerning the confiscation of his bible and law books does not appear to be frivolous. One does not relinquish the right to freely exercise his religion when incarcerated. Craig v. Beto, 405 U.S. 319 (1972). If it is found that the confiscation of the appellant's bible could not be based on a valid penological objective, a cause of action would be stated. See Jihaad v. O'Brien, 645 F.2d 556 (6th Cir. 1981); Pierce v. LaVallee, 293 F.2d 233 (2nd Cir. 1961).
 
 
 10
 Concerning the law books, there is no per se right to law books, but an inmate has a right to a reasonably adequate opportunity to present claimed violations of a fundamental constitutional right. Bounds v. Smith, 430 U.S. 817, 824 (1977); Inmates, Washington Cty. Jail v. England, 516 F.Supp. 132 (E.D. Tenn. 1980) aff'd, 659 F.2d 1081 (6th Cir. 1981). When taking the appellant's allegations as true and construing them in his favor, the confiscation of the law books could possibly constitute a cause of action. Therefore, the dismissal was premature.
 
 
 11
 The appellant's allegations concerning the typewriter are without merit. While there is a right to have reasonable access to the courts, that right does not include any constitutionally protected right to have the use of a typewriter. Inmates, Washington Cty. Jail v. England, supra at 140; Twyman v. Crisp, 584 F.2d 352 (10th Cir. 1978). Consequently, the district court did not err in dismissing this claim.
 
 
 12
 Likewise, the claim concerning Oui magazine is also frivolous. The appellant alleged that Sgt. Judith Allen, the mailroom supervisor, acted improperly in declaring the magazine contraband prior to review by the Ohio Department of Rehabilitation and Correction. It is clear that Allen followed the procedures set forth in Ohio Administrative Regulation 5120-9-19(f), and it appears that these regulations meet the requirements set forth in Procunier v. Martinez, 416 U.S. 396, 418-419 (1974).
 
 
 13
 Accordingly, the portion of the judgment concerning the appellant's law books, bible and disproportionate penalty claim is vacated and remanded. Rule 9(d)(4), Rules of the Sixth Circuit. The appellant's other claims are frivolous, and the judgment in that respect is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation