802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen R. PHIPPS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 86-1087.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1986.
 
 Before MERRITT, KRUPANSKY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff appeals the summary judgment for the defendant in this pro se action under the Federal Tort Claims Act. He now moves for the appointment of counsel. That motion has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 The plaintiff is an inmate at the Federal Correctional Institution in Milan, Michigan. Following a period of time spent in administrative detention, he complained to prison officials that a radio was not among the property returned to him. Prison officials investigated the matter but were unable to determine what happened to the radio. Unsuccessful in his administrative claim for the value of the radio, the plaintiff filed this legal action for $76.95.
 
 
 3
 As enunciated in the plaintiff's complaint and other memoranda, it is his belief that the United States is liable for the loss of the radio because the radio was in the custodial care of prison officials during the plaintiff's stay in administrative detention. The government filed a motion for summary judgment based upon the affidavit of a prison guard who helped remove the plaintiff from his cell for placement in detention. The guard averred that he secured the cell by deadbolt lock and later inventoried the property therein. He stated no radio was found in the cell.
 
 
 4
 Although the plaintiff opposed the motion for summary judgment (and in fact filed his own motion for summary judgment), he did not support his claim by counter-affidavits. The district court found the government's motion meritorious and uncontroverted by the plaintiff and granted summary judgment to the government. This timely appeal followed.
 
 
 5
 A party moving for summary judgment has the burden of showing conclusively that no geniune issue exist as to a material fact and that the movant is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. If the movant meets that burden by means of affidavits and other materials, the non-moving party cannot rest upon the allegations of his pleadings, but must show by counter-affidavits or other materials that genuine issues of fact do exist for trial. Rule 56(e), Federal Rules of Civil Procedure. See generally Hooks v. Hooks, 771 F.2d 935, 945 (6th Cir.1985); Smith v. Hudson, 600 F.2d 60, 63-66 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).
 
 
 6
 Here, the plaintiff did not meet his burden to counter the government's showing that prison officials did not have possession of the radio and therefore could not be liable for its loss. General unsworn allegations in pleadings or other memoranda do not meet the requirements of Rule 56(e). See Inmates, Washington County Jail v. England, 516 F.Supp. 132, 138 (E.D. Tenn. 1980), aff'd without opinion, 659 F.2d 1081 (6th Cir. 1981). See also Baxter v. Railroad Express Agency, Inc., 455 F.2d 693, 696 (6th Cir.), cert. denied, 409 U.S. 847 (1972). The district court did not err in granting the government's motion for summary judgment. Neither do we find the district court erred in denying the plaintiff's motion therein for the appointment of counsel. See generally Mars v. Hanberry, 752 F.2d 254 (6th Cir. 1985).
 
 
 7
 It therefore is ORDERED that the motion for appointment of counsel on appeal be and it hereby is denied. .
 
 
 8
 Upon examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. Accordingly,
 
 
 9
 It is ORDERED that the district court's summary judgment of January 7, 1986, be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.