**ASIA NORTH AMERICAN EASTBOUND RATE AGREEMENT, Plaintiff,**

v.

**AMSIA INTERNATIONAL CORP., Defendant.**

**Civ. A. No. 93–1364 SSH.**

United States District Court, District of Columbia.

April 26, 1995.

**6**

Torbjorn B. Sjogren, Anne E. Mickey, Sher & Blackwell, Washington, DC, for plaintiff.

Yuan–Bai (Bill) Yu, Amsia Intern. Corp., Pasadena, CA, pro se.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter comes before the Court on plaintiff's motion for summary judgment. Although "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56," the Court nonetheless sets forth briefly its analysis. Fed. R.Civ.P. 52(a).

The background of this case is set forth in the related case of *Asia North America Eastbound Rate Agreement v. Pacific Champion Service Corp.,* 864 F.Supp. 195 (D.D.C. 1994). Like Pacific Champion, defendant Amsia International Corporation ("Amsia") is a member of the International Shippers Association, Inc., ("ISAI") and signed a Participation Agreement with terms virtually identical to the one signed by Pacific Champion, authorizing ISAI to execute a service contract with ANERA for purposes of transporting certain of Amsia's products. The only material difference was Amsia's minimum volume commitment, which was set at 200 forty-foot equivalent container units ("FEUs").

ISAI failed to meet its minimum quantity commitment under the service contract. This ultimately resulted in a default judgment against ISAI in the amount of $1,295,-348.81 and the assignment of ISAI's rights to collect liquidated damages from its members to ANERA. Under the terms of the Participation Agreement and the service contract, Amsia owes 20% of the liquidated damages, which amounts to $259,069.76.[1]

▮▮▮ Although Amsia raised 13 affirmative defenses to the enforcement of the contracts in its answer, it argues only one of the defenses—forgery—in its opposition.[2] Specifically, Amsia claims that the signature of William Yu, president of Amsia, on the Participation Agreement is forged and without authority and thus does not bind or obligate Amsia to the service contract. *See* Letters from William Yu to the Court, filed March 16 and April 5, 1995. However, because these statements are not sworn to under penalty of perjury, they cannot be considered affidavits or other admissible documentation proper for consideration at the summary judgment stage. *See* Fed.R.Civ.P. 56(e); *Inmates, Washington County Jail v. England,* 516 F.Supp. 132 (E.D.Tenn.1980), *aff'd,* 659 F.2d 1081 (6th Cir.1981). The Court expressly advised plaintiff of the requirements of Rule 56 by Order dated March 28, 1995, yet plaintiff chose to ignore the requirements. Accordingly, there is no genuine issue of material fact regarding the authenticity of Yu's signature on the Participation Agreement, and Amsia is thus bound by that Agreement.[3]

---

1. Amsia's proportionate share is calculated as follows:
   Individual Minimum Volume Commitment: 200 FEUs = 20%.
   ISAI's Total Minimum Cargo Commitment: 1000 FEUs

2. In any event, the 12 other defenses have been rejected as a matter of law in *Pacific Champion,* which involved the same contracts. *See Pacific Champion,* 864 F.Supp. at 198–203. As defendant Amsia has not raised any arguments as to why those holdings should not apply here, the Court adopts the holdings on those issues in the instant case.

3. The Court notes that Yu's signature on the Participation Agreement appears identical to his signatures on other documents he has signed, contrary to Yu's characterization of the signatures.

Upon consideration of the foregoing, it hereby is

ORDERED, that plaintiff's motion for summary judgment is granted and that judgment is entered for plaintiff in the amount of $259,069.76.

SO ORDERED.