# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ELOISE CUFFEE-SMITH,
              *Plaintiff-Appellant,*

v.

CAPTAIN SHIPLEY; SERGEANT
EVERTON,

              *Defendants-Appellees.*

No. 03-6197

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry Coke Morgan, Jr., District Judge.
(CA-03-8)

Submitted: May 12, 2003

Decided: June 5, 2003

Before GREGORY and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Eloise Cuffee-Smith, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Eloise Cuffee-Smith appeals the district court's order denying relief on her 42 U.S.C. § 1983 (2000) complaint under 28 U.S.C. § 1915A(b) (2000). We have reviewed the record and find that this appeal is frivolous.

The district court correctly found that Cuffee-Smith has no constitutional right to inmate trustee status. *See Rosson v. Weatherholtz*, 405 F. Supp. 48, 49-50 (W.D. Va. 1975); *see also Inmates, Washington Co. Jail v. England*, 516 F. Supp. 132, 141 (E.D. Tenn. 1980). Thus, her claim that such a denial constitutes the deprivation of a liberty interest is not cognizable under § 1983.

Cuffee-Smith alleges that a hearing was held in her absence regarding the denial of her trustee status. To the extent that this is construed as a procedural due process argument, it is without merit. The United States Supreme Court held in *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), that only when the loss at issue constitutes the deprivation of a liberty interest, must there be procedural safeguards. Because the denial of trustee status does not constitute such a deprivation, such a claim is not cognizable under § 1983.

Lastly, Cuffee-Smith claims that she requested copies of inmate grievances and appeals from prison officials, but never received them. We find that this claim, too, is not cognizable under § 1983. *See Paine v. Baker*, 595 F.2d 197, 200 (4th Cir. 1979) (holding that state prisoners do not have a constitutional right to their prison files).

Accordingly, we deny Cuffee-Smith's motion for appointment of counsel and dismiss the appeal as frivolous.* We dispense with oral

---

*On appeal, Cuffee-Smith asserts several additional claims relating to her confinement, including allegations of unsanitary living conditions, insect bites, hair loss, and denial of a shower, comb, and clean uniform prior to her trial. Absent exceptional circumstances, however, we will not consider claims raised for the first time on appeal. *See Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993). Because Cuffee-Smith does not demonstrate extraordinary circumstances, we decline to address these claims.

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*