**Chester J. BRODERICK et al., Plaintiffs-Appellants,**

**v.**

**Robert J. di GRAZIA, Defendant-Appellee.**

**No. 74–1139.**

United States Court of Appeals, First Circuit.

Heard Sept. 5, 1974.

Decided Oct. 25, 1974.

**644**

Gerard S. McAuliffe, Marshfield, Mass., with whom Frank J. McGee, Marshfield, Mass., was on brief, for plaintiffs-appellants.

Michael DeMarco, Boston, Mass., with whom Lawrence J. Ball, Asst. Corp. Counsel, Boston, Mass. was on brief, for defendant-appellee.

Before McENTEE and CAMPBELL, Circuit Judges, and CLARY, Senior District Judge.*

LEVIN H. CAMPBELL, Circuit Judge.

Plaintiffs, officers of an association of Boston police patrolmen, have sued Boston's Commissioner of Police alleging a violation of 42 U.S.C. § 1983 (1970). The district court, after hearing, dismissed the complaint upon the Commissioner's motion, and plaintiffs now appeal.

In their complaint plaintiffs request a declaration that Commissioner di Grazia violated their constitutional rights including their "right to earn a living" when, during a staff conference at Boston police headquarters, he allegedly stated that "disciplinary cases against police officers should be handled on the theory that policemen are guilty until proven innocent" or words to that effect. They also sought damages and an injunction prohibiting di Grazia from sitting as "sole judge" in police department civil service disciplinary proceedings, a responsibility assigned to the Commissioner under department regulations and state civil service law. We agree with the court below that the complaint does not state a claim upon which relief may be granted.

The authority of the district court to grant relief depends upon plaintiffs' being able to demonstrate infringement of their federal constitutional rights. Their contention that Commissioner di Grazia's words will discourage conscientious police work (by causing patrolmen to avoid situations which might engender citizen complaints) fails to state a federal constitutional claim. The Constitution does not guarantee that policemen will be free from all constraints, or even from all ill-advised ones.[1]

The only right plaintiffs assert that is of federal constitutional dimension is the right to due process of law in administrative disciplinary proceedings. They argue that the Commis-

---

* From the Eastern District of Pennsylvania, sitting by designation.

1. We are reminded of the truth of the words of Sir William S. Gilbert:

"When constabulatory duty's to be done
. . . The policeman's lot is not a happy one."

W. Gilbert & A. Sullivan, The Pirates of Penzance.

sioner's words portend a denial of due process if, at some future time, one of them should become the subject of a disciplinary hearing. Defendant responds that no "case or controversy" within the meaning of Article III is presented since no plaintiff can allege that he is currently faced with disciplinary proceedings. While there is support for such an assertion, United Public Workers v. Mitchell, 330 U.S. 75, 89–91, 67 S.Ct. 556, 91 L.Ed. 754 (1947); O'Shea v. Littleton, 414 U.S. 488, 493–499, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), we need not go so far as to examine the complaint in terms of Article III. *See generally* Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363 (1973). Injunctive and declaratory remedies are, as Mr. Justice Harlan has said, "discretionary" in the sense that they need not be afforded unless a controversy is "ripe" for judicial resolution. Abbott Laboratories v. Gardner, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). In a companion case to *Abbott,* the Court listed two criteria for determining ripeness: "[F]irst to determine whether the issues tendered are appropriate for judicial resolution, and second to assess the hardship to the parties if judicial relief is denied at that stage." Toilet Goods Association, Inc. v. Gardner, 387 U.S. 158, 162, 87 S.Ct. 1520, 1523, 18 L.Ed.2d 697 (1967). Applying these criteria here, it is clear that plaintiffs' due process claim is not ripe.[2]

The issue tendered (whether there will be a denial of due process in some future disciplinary proceeding) is virtually unanswerable now, not only because of the uncertain meaning of terms like "guilt" or "innocence" when applied in a civil administrative proceeding, but because a verbal pronouncement like Mr. di Grazia's lends itself to day-to-day revision and amplification, or even to revocation. A court could only guess at how it might be translated into practice. Moreover, the issue does not have to be resolved now to avoid serious hardship. Administrative and judicial review is provided for any disciplinary action which the Commissioner may later take. M.G.L.A. ch. 31, §§ 43, 45. Pecuniary loss from termination of salary can ultimately be compensated if justice requires. And if an officer's civil rights are intentionally flouted by his superiors, he may be able to recover damages. Of course there may be some residue of harm, such as that from injury to reputation, which money and restoration to duty may never fully compensate. The risk of such harm, however, is no different from that faced by any other citizen who may have to go through a trial or course of administrative proceedings to clear his good name. This possibility does not ordinarily warrant anticipatory judicial relief. At bottom, plaintiffs' complaint seems to reflect an internal departmental dispute which is presently non-justiciable.

Affirmed.

---

**2.** *Abbott* and its companion cases dealt with anticipatory review of federal administrative regulations. Notwithstanding the different setting, however, we believe the approach announced there is appropriate here. *See* H. Hart & H. Wechsler, The Federal Courts and the Federal System 120–49 (2d ed. 1973). Plaintiffs ask us to treat Commissioner di Grazia's comments as similar to a departmental regulation, and they seek anticipatory determination of its validity rather than awaiting review of a specific application.