**Eugene J. McCARTHY et al.,
Plaintiffs-Appellants,**

v.

**Dolph BRISCOE, Governor of Texas, et al., Defendants-Appellees.**

No. 76–3539.

United States Court of Appeals,
Fifth Circuit.

Sept. 23, 1976.

Don. C. Gladden, Fort Worth, Tex., John C. Armor, Baltimore, Md., for plaintiffs-appellants.

John L. Hill, Atty. Gen. of Tex., David M. Kendall, Jr., First Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

### ON APPLICATION FOR A PARTIAL STAY OF JUDGMENT AND FOR EMERGENCY INJUNCTIVE RELIEF

Before GODBOLD, DYER and HILL, Circuit Judges.

**PER CURIAM:**

This suit was filed on July 30, 1976 by appellants against Dolph Briscoe, Governor of Texas and Mark W. White, Jr., Secretary of State of the State of Texas, seeking to have the name of Eugene McCarthy placed upon the November, 1976 general election ballot in Texas as an independent candidate for the presidency of the United States and declaring Paul Spragens and Ronald C. Engle electors pledged to the candidacy of McCarthy.

A three-judge district court was designated and a trial of the case was had on September 2, 1976. The court declared Article 13.50 of the Texas Election Code unconstitutional as it applies to independent candidates for the offices of president, vice-president and presidential elector, and specifically as it applied to McCarthy. Neither immediate nor prospective injunctive relief was granted by the court. An application for stay was denied by the court and notice of appeal to the United States Supreme Court was filed September 7, 1976. On September 14, 1976, Mr. Justice Powell denied a partial stay of the district court's judgment and on September 16, 1976, a notice of appeal to this Court was filed.

An application for stay and emergency injunctive relief is sought based solely upon the failure of the district court to grant injunctive relief. In its judgment the district court found:

"That there is insufficient time remaining before the general election begins on October 13, 1976, when absentee voting begins, in which to allow the plaintiff to demonstrate substantial support in the community, and, thereafter, to afford the Secretary of State a reasonable opportunity to verify signatures on any petition(s) submitted and prepare the ballots, as required by the Texas Election Code."

The court further found:

"By reason of the late filing of this law suit (July 30, 1976) he has made it impractical, if not impossible, for this Court to grant him the relief sought, without

disrupting the entire election process in this state, which this Court is unwilling to do under the circumstances."

The court further said in its opinion:

"Balancing the equities, and deploring the time limitations which compel us to choose between standing by and permitting this incomprehensible policy to achieve its apparent objective, or substantially burdening the entire general election at the behest of one who has at least dawdled over his rights, we conclude that injunctive interference by us at this late stage would not be warranted."

Although appellants assert that there is time to direct the placement of McCarthy's name on the ballot conditioned upon his satisfying some petition requirement designed by the Court to demonstrate community support, they neither suggest how this could be accomplished, nor how we or the district court could formulate such a procedure that would be effective in time to carry out in an orderly way the preparation of the ballot and the conduct of the election. We are thus regretfully constrained to agree with the district court that because the complaint was so lately filed there is insufficient time for a court to devise a petition requirement for ascertaining whether McCarthy has substantial community support in Texas without disrupting the entire election process in that state. *Williams v. Rhodes,* 1968, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24. See *Hadnott v. Amos,* 1968, 393 U.S. 904, 89 S.Ct. 1101, 22 L.Ed.2d 336.

The application for a partial stay of the district court's judgment of September 2, 1976 and for emergency injunctive relief is denied.