Eugene J. McCARTHY et al., Plaintiffs-Appellants,

v.

Dolph BRISCOE, Governor of Texas, and Mark W. White, Jr., Defendants-Appellees.

No. 76–3539.

United States Court of Appeals, Fifth Circuit.

June 13, 1977.

Rehearing Denied July 25, 1977.

Don Gladden, Fort Worth, Tex., John C. Armor, Baltimore, Md., for plaintiffs-appellants.

John L. Hill, Atty. Gen. of Tex., David M. Kendall, 1st Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before AINSWORTH and MORGAN, Circuit Judges, and LYNNE *, District Judge.

LYNNE, District Judge:

Plaintiffs-Appellants brought this action pursuant to 42 U.S.C. §§ 1983 and 1985, and 28 U.S.C. §§ 1343(3)(4), 2201, 2281, and 2284 for injunctive and declaratory relief seeking annulment and interdicting future enforcement of Texas laws which prohibit electoral consideration of independent candidates for the offices of President and Vice-President of the United States of America. The suit was filed July 30, 1976,[1] some three months prior to the 1976 presidential election, by

presidential candidate Eugene J. McCarthy, two presidential elector candidates pledged to McCarthy, and two voter-supporters of McCarthy. Thereafter, McCarthy gave formal notice of his candidacy for President by filing with Texas' Secretary of State, appellee White,[2] a Declaration of Intent to Run as an Independent Candidate.

On September 2, 1976, a three-judge court [3] heard the case and adjudicated that Article 13.50(1) [4] of the Texas Election Code is unconstitutional as applied to presidential and vice-presidential candidates, but that McCarthy, having failed to show diligence in his efforts to have his name printed on the Texas ballot and by his late filing of the lawsuit, had made it impracticable, if not impossible, for the court to grant him the injunctive relief sought. Accordingly, the court did not order that McCarthy's name be included on the ballot. Plaintiffs have appealed from the denial of the permanent injunction.

On September 16, 1976, appellants appealed to this Court for a partial stay and emergency injunctive relief, which were denied on the ground that "the complaint was so lately filed there is insufficient time for a court to devise a petition requirement for ascertaining whether McCarthy has substantial community support [5] in Texas without disrupting the entire election process in that state." *McCarthy v. Briscoe,* 539 F.2d 1353, 1355 (5th Cir. 1976).

On September 24, appellants applied ex parte for injunctive relief to Mr. Justice Powell, Circuit Justice, who granted the application and ordered McCarthy's name to

---

* Senior District Judge of the Northern District of Alabama sitting by designation.

1. The complaint was filed in the United States District Court for the Northern District of Texas. On August 6, 1976, the cause was transferred to the Western District.

2. The other defendant-appellee is Texas Governor Dolph Briscoe.

3. The hearing was before Circuit Judge Thomas Gibbs Gee and District Judges Adrian A. Spears and John H. Wood, Jr.

4. Article 13.50(1) of the Texas Election Code provides: "This section applies to nonpartisan or independent candidates for federal, state, district, county and precinct offices in the general election provided for in Art. 2.01. A person may run as a nonpartisan or independent candidate for any such office, other than the offices of President, Vice-President, and Presidential elector, by complying with this section and other applicable provisions of this Code."

5. The validity of the "community support" requirement derives from *Storer v. Brown,* 415 U.S. 724, 746–47, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974).

appear on the general election ballot in Texas as an independent candidate for the office of President of the United States in 1976. *McCarthy v. Briscoe,* 429 U.S. 1317, 97 S.Ct. 10, 50 L.Ed.2d 49 (1976). Such order was complied with.

This appeal raises the single contention that the three-judge court erred in failing to grant permanent relief enjoining future application of Article 13.50 of the Texas Election Code by denying independent candidates for President and Vice-President of the United States the right to have their names printed on the general election ballot in Texas. Appellants also seek an award of attorney's fees.

## INJUNCTION DENIAL

A grant or denial of injunctive relief lies within the trial court's sound discretion. *Frostie Company v. Dr. Pepper Company,* 361 F.2d 124 (5th Cir. 1966). Injunctive remedy is discretionary and it is properly withheld when the controversy is not ripe for judicial resolution. *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).[6] In view of the three-judge court's ruling that the Texas election statute is unconstitutional as applied to presidential candidates, together with Mr. Justice Powell's order that required Mr. McCarthy to be listed on the 1976 ballot, any possibility that the State of Texas will attempt to enforce the statute in any future presidential election is speculative at best. This Court presumes that

Texas will not defy the holding of unconstitutionality in the absence of an injunction.

Moreover, a denial of injunctive relief at this stage would not subject appellants to any immediate or irreparable injury. Whatever imminent hardship existed at the time this suit was filed has already been avoided by the injunction directed at the 1976 Texas ballot. Clearly, the three-judge court did not abuse its discretion by refusing to enjoin future application of a statute whose sanctions have not been set in motion and may never be enforced against the individuals on whose behalf relief is sought. *See International Longshoremen's & Warehousemen's Union v. Boyd,* 347 U.S. 222, 74 S.Ct. 447, 98 L.Ed. 650 (1945).

## ATTORNEY'S FEES

This Court is authorized, in its discretion, to allow a reasonable attorney's fee as part of the prevailing party's costs. 42 U.S.C.A. § 1988 (as amended by P.L. 94–559, § 2, Oct. 19, 1976). In view of appellant's lack of success on this appeal, the Court declines appellant's request for an attorney's fee.

The judgment appealed from is AFFIRMED.

---

6. Although *Abbott* dealt with anticipatory review of federal administrative regulations, its warning against premature injunctions has been heeded outside the administrative realm, and is appropriate here. *See, e. g., Broderick v. di Grazia,* 504 F.2d 643 (1st Cir. 1974).