**George W. KENNIBREW**

v.

**Bill RUSSELL, Superintendent, Knox County Penal Farm, and Knox County Sheriff's Department.**

**No. Civ. 3–83–654.**

United States District Court,
E.D. Tennessee, N.D.

Dec. 29, 1983.

George W. Kennibrew, pro se.

Geoffrey P. Emery, Asst. Law Director, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action under 42 U.S.C. § 1983 by an inmate at the Knox County Penal Farm challenging the conditions of confinement as unconstitutional under the eighth amendment of the United States Constitution. This case is before the Court on defendants' motion to dismiss.

Defendants state that Knox County Penal Farm is merely a name designation of the Knox County Workhouse; consequently Knox County Penal Farm is non-existent and cannot be sued. The Court grants plaintiff leave to amend his complaint to state the proper name of that defendant. Fed.R.Civ.P. 15(a).

Defendants also state that the Penal Farm and the Knox County Sheriff's Department [Sheriff's Department] are not legal entities but are departments within the government of Knox County which cannot be sued. The United States Supreme Court has held that municipalities and other local government units are persons for purposes of suit under 42 U.S.C. § 1983.

*Monell v. New York City Department of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). Thus, the governmental units named as defendants in plaintiff's action may be sued under 42 U.S.C. § 1983.

Defendant Sheriff's Department says that it cannot be sued because it has no control over the Penal Farm. Under *Monell,* a local government unit may be sued only when execution of its policy or custom inflicted the alleged injury. *Monell,* 436 U.S. at 694, 98 S.Ct. at 2037. If the Sheriff's Department has no control over the Penal Farm, then under *Monell* the Sheriff's Department would not be subject to suit under 42 U.S.C. § 1983. However, on the pleadings presented, the Court cannot find that the Sheriff's Department has no control over the Penal Farm. Defendant has made no affidavit in support of this claim, and an inspection report submitted by defendants indicates that a relationship exists between the Sheriff's Department and the Penal Farm. (*See* Inspection Report of the Tennessee Corrections Institute, January 24, 1983, p. 2). Thus, the motion to dismiss the Sheriff's Department as a defendant is denied.

■ Defendants also say that the Penal Farm is clean, efficient, and maintained by a competent staff. Defendants have attached reports of the Knox County Grand Jury and the Tennessee Corrections Institute and an affidavit by defendant Bill Russell in support of this claim. Therefore defendants' motion to dismiss will be treated as a motion for summary judgment. Fed.R.Civ.P. 12(b).

■ The eighth amendment prohibits the imposition of cruel and unusual punishment. Conditions of penal confinement "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Grubbs v. Bradley,* 552 F.Supp. 1052, 1120–1121 (M.D.Tenn.1982). Whether conditions of confinement are cruel and unusual must be

determined " 'from the evolving standards of decency that mark the progress of a maturing society.' " *Rhodes,* 452 U.S. at 346, 101 S.Ct. at 2399, *quoting Trop v. Dulles,* 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958). "To the extent that such conditions are restrictive and harsh, [but do not offend contemporary standards of decency] they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes,* 452 U.S. at 347, 101 S.Ct. at 2399. In determining whether conditions of confinement are cruel and unusual, the Court must keep in mind that wide-ranging deference must be accorded the decisions of prison administrators. *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). Further, "[a]bsent a clear finding of constitutional violations, federal courts simply will not interfere with the state's administration of its prison system." *Grubbs,* 552 F.Supp. at 1124, *citing Johnson v. Avery,* 382 F.2d 353, 355 (6th Cir.1967), *rev'd on other grounds,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).

■ With these principles in mind, the Court will consider the conditions of confinement which plaintiff alleges violate his rights under the eighth amendment.

Plaintiff states that the institution does not furnish a change of clothing. The inspection report of the Tennessee Corrections Institute, dated January 24, 1983, indicates that standard clothing issue for those persons detained greater than 48 hours includes clean socks, clean undergarments, clean outergarments, footwear or clean personal clothing [Inspection Report (I.R.) p. 12, # 12.164]. Further, prisoners are permitted to shower daily and clothing is cleaned twice weekly. (I.R. p. 12, #s 12.167 & 12.170). The Court finds no constitutional violation.

Plaintiff says that inmates must sleep 8¼ inches apart. The inspection report indicates that single occupancy cells provide 75.28 square feet of floor space per inmate. Dormitories provide 36.205 square feet of floor space per inmate. (I.R., p. 2). The

United States Supreme Court has held that double-celling of prison inmates in cells containing 63 square feet of floor space (31.5 square feet per inmate) does not constitute cruel and unusual punishment. *Rhodes*, 452 U.S. at 348, 101 S.Ct. at 2400. Stated the Court, "The Constitution does not mandate comfortable prisons and prisons ... which house persons convicted of serious crimes cannot be free of discomfort. Thus, these considerations properly are weighed by the legislature and prison administration rather than a Court." *Id.* at 349, 101 S.Ct. at 2400. Thus, this Court finds no constitutional violation in the bunk arrangements of inmates.

With regard to the preparation of food, plaintiff says the food is full of bugs and hair. Plaintiff further asks that kitchen help and cooks be required to wear whites and hair nets; food servers be required to obtain health cards; and drunks not be allowed to serve food. Plaintiff further requests that a refrigeration system and dishwasher be installed in the kitchen; tables and chairs be substituted for benches; and fresh milk be substituted for powdered milk at least once a day. The inspection report indicates that food service guidelines available from the Tennessee Department of General Services, Division of Food Services Management, are not followed nor is there a written policy specifying that food service personnel comply with applicable federal, state, and local health laws. (I.R., p. 8, #s 7.092 & 7.098). Further, the report indicates that, on the day of inspection, roaches were visible on the kitchen table and extermination service was recommended. The affidavit of Bill Russell indicates that a new extermination service has been employed and the problem with roaches has been eliminated. (Affidavit at p. 2). Hair nets and appropriate dress were recommended for kitchen help. (I.R., p. 8, #s 7.092 & 7.098). The report indicates that food service areas were inspected daily, food was stored at appropriate temperatures, prisoners were served three meals every 24 hours including two hot meals, food was properly stored, cooking equipment was operable and clean, and floors in the food service area were clean. (I.R., p. 8–9, #s 7.093–7.107). The affidavit of Bill Russell indicates that kitchen floors and counters are cleaned and scrubbed after each meal. (Affidavit at p. 2).

The Sixth Circuit Court of Appeals has held that deliberate and unnecessary withholding of food essential to normal health can violate the eighth amendment. *Cunningham v. Jones*, 567 F.2d 653 (6th Cir.1977). No such allegation is before the Court in this case. Rather, plaintiff's complaint is primarily against unsanitary preparation of foods. The Sixth Circuit Court of Appeals has stated *in dicta* that a complaint about the preparation or quality of prison food is "generally far removed from Eighth Amendment concerns." *Id.* at 659–660. However, a number of courts have held that the Constitution requires that food be prepared in a manner that reasonably accords with sound sanitary procedures. *See Grubbs*, 552 F.Supp. at 1123. Conditions must be sanitary enough that inmates are not exposed to an unreasonable risk of disease. *Id.* However, an occasional incident of a foreign object discovered in the prison food does not raise a constitutional question. *Lovern v. Cox*, 374 F.Supp. 32 (W.D.Va. 1974). Furthermore, the presence of roaches in the jail does not support a finding of cruel and unusual punishment in light of good faith efforts by jail officials to control the problem. *Dailey v. Byrnes*, 605 F.2d 858, 860 (5th Cir.1979).

The Court finds that plaintiff's allegations of unsanitary food preparation do not rise to constitutional proportions. There is no allegation that the diet is inadequate or that plaintiff has become ill as a result of the food preparation. Recommendations have been made that food servers dress appropriately, wear hair nets, and obtain health cards. Furthermore, extermination services are provided at the penal farm. Thus, it appears that good faith efforts have been made to maintain sanitary procedures. The Court finds no wanton and unnecessary infliction of pain or excessive punishment.

Plaintiff asks that the penal farm "get rid of the hole build new unit." This statement fails to state a claim.

Plaintiff asks that clubs and sticks be taken away from the guards. The Court believes that the need of guards to possess weapons is reasonably related to the legitimate penological objective of maintaining prison security and thus finds no constitutional violation. *See Pell v. Procunier,* 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974).

Plaintiff asks that all prisoners be given an equal chance to work and that they be paid for their work. Plaintiff also asks that inmates be paid even when they do not work so that they can buy personal hygiene items. Plaintiff has no right to be paid for work. *See Manning v. Lockhart,* 623 F.2d 536, 538 (8th Cir.1980). Furthermore, while work activity is preferable to idleness, the conferral of a job upon an inmate is a matter within the sound discretion of the jail administrators. *See Inmates, Washington County Jail v. England,* 516 F.Supp. 132, 141 (E.D.Tenn.1980). Finally, plaintiff has no constitutional right to be paid for idle time. The inspection report indicates that provisions are made to allow prisoners to regularly obtain items of personal hygiene. (I.R., p. 12, # 12.165).

Plaintiff says that the penal farm does not provide access to a law library or legal material. Plaintiff has a constitutional right to meaningful access to the courts, but does not have a right to law books *per se. Inmates, Washington County Jail,* 516 F.Supp. at 143, *citing Bounds v. Smith,* 430 U.S. 817, 821, 824–832, 97 S.Ct. 1491, 1496–1500, 52 L.Ed.2d 72 (1977). The affidavit of Bill Russell states that plaintiff has access to attorneys from the Legal Aid Clinic at the University of Tennessee. (Affidavit at p. 2). The Court finds that plaintiff has not been deprived of a meaningful access to the courts.

Plaintiff says that no state or prisoner grievance board exists and asks for a Conduct Action Board before "being beating [sic] and thown [sic] in hole." Due process requires a hearing when disciplinary action is taken. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The inspection report indicates that the facility has written policies and procedures governing disciplinary and administrative action and that disciplinary hearings are to be held in cases of major violations of prisoner conduct rules; although the rules and procedures are not posted conspicuously. (I.R., p. 7, #s 5.070–5.085). Corporal punishment is not permitted. (*Id.*). Because plaintiff does not allege that he was disciplined without a due process hearing, the Court believes his request for a Conduct Action Board is not ripe for review. *See Broderick v. diGrazia,* 504 F.2d 643 (1st Cir.1974).

Plaintiff asks that inmates be given outside recreation. "[T]otal or near total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." *Patterson v. Mintzes,* 717 F.2d 284 at 289 (6th Cir.1983). The affidavit of Bill Russell indicates that, weather permitting, inmates are allowed three hours of outdoor recreation per day. (Affidavit at p. 2). The Court finds no unconstitutional deprivation of exercise.

Plaintiff asks that a drinking fountain be installed. Plaintiff does not allege he is being deprived of water. The Court finds no constitutional violation.

Plaintiff asks for a resident doctor and nurse at all times. The inspection report indicates that a registered nurse has been hired on a full-time basis. (I.R., p. 13). Plaintiff alleges no deliberate indifference to serious medical needs; therefore this Court finds no constitutional violation. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

Plaintiff complains of having to sleep next to old drunks with body lice and crabs. The Court finds no constitutional violation. The inspection report indicates that reasonable efforts are made to main-

tain a clean environment. (I.R., p. 12, #s 12.164–12.170).

Plaintiff asks that more than one day for visiting be allowed. "Generally, visitation privileges are matters subject to the discretion of prison officials." *Inmates, Washington County Jail,* 516 F.Supp. at 140 (citations omitted). The Court finds no constitutional violations.

Plaintiff says the building is in bad shape. The inspection report indicates that the facility is in adequate repair. (I.R., p. 4, #s 1.001–1.030; I.R., p. 13; Report of Knox County Grand Jury, July Term 1983, p. 1). The Court finds no constitutional violation.

The Court finds that the totality of the conditions of confinement do not constitute cruel and unusual punishment in violation of the eighth amendment. While conditions are less than perfect, the eighth amendment does not require comfortable surroundings, and though certain conditions may be restrictive and harsh, the Court finds that the conditions do not offend contemporary standards of decency.

For the foregoing reasons the defendant's motion for summary judgment is granted.

Order Accordingly.