876 F.2d 894
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lamar FLETCHER, Plaintiff-Appellant,
v.
TENNESSEE DEPARTMENT OF CORRECTIONS; Stephen Norris,
T.D.O.C. Commissioner; Michael Dutton, Warden, TSP; Bob
Stephen, Job Board Chairman; Sue Bowman, Job Tracking
Clerk; K. Baugh, Corporal, Disciplinary Board Chairman;
Eugene Hartface, Disciplinary Board Member; Peggy Telley,
Disciplinary Board Member; Venessa Armstrong, Counselor;
William McIntyre, Grievance Chairman; Board of Professional
Responsibility; Lance Bracy, Chief District Counsel;
Howard L. Wagerman, Court Appointed Attorney; Wagerman &
Seligstein Law Office; John Doe, Surety Co's and/or Bonding
Agencies, Defendants-Appellees.
 No. 88-6229.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1989.
 
 1
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges and DAVID D. DOWD, Jr., District Judge.*
 
 ORDER
 
 2
 Lamar Fletcher, a pro se Tennessee prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive and monetary relief in the amount of two million dollars, plaintiff, a prisoner at the Tennessee Department of Corrections, sued numerous defendants claiming they violated his constitutional rights by conspiring to deny him access to the courts and by denying him certain prison jobs. He also sued his court appointed attorney, claiming he rendered ineffective assistance at plaintiff's state criminal trial. The matter was referred to a magistrate whose Report and Recommendation the district court adopted over plaintiff's timely objections. Plaintiff appealed.
 
 
 4
 Upon consideration, we conclude that the district court properly dismissed the action as against Norris and Dutton. Plaintiff's effort to sue these individuals under the doctrine of respondeat superior was improper absent a showing of any personal involvement on the part of each defendant, see Monell v. New York City Department of Social Services, 436 U.S. 658, 694 (1978); Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983), or an allegation that defendant condoned, encouraged or participated in the alleged misconduct. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984).
 
 
 5
 Further, we conclude that the complaint was properly dismissed as against defendant Wagerman, plaintiff's court appointed attorney. It is well settled that attorneys, even when appointed by the court, do not act under color of state law within the meaning of Sec. 1983. Polk County v. Dodson, 454 U.S. 312, 318 (1981).
 
 
 6
 Additionally, we conclude the district court properly dismissed plaintiff's claims regarding defendants' refusal to assign him to a particular prison job. An inmate has no inherent liberty interest in an assignment to a particular inmate job. Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir.), cert. denied, 435 U.S. 1009 (1978). Furthermore, under Tennessee law, job assignments of inmates are left to the discretion of prison administrators. Kennibrew v. Russell, 578 F.Supp. 164, 169 (E.D.Tenn.1983).
 
 
 7
 Finally, we find that plaintiff's conclusory allegations, see Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987), of denial of access to the courts wholly fail to state an adequate claim for relief under 42 U.S.C. Sec. 1983. Morgan v. Church's Fried Chicken, 829 F.2d 10, 11 (6th Cir.1987); Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985).
 
 
 8
 Accordingly, the order of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation