**Bruce PROPHETE, Plaintiff,**

v.

**A.C. GILLESS, Defendant.**

**No. 94–2882–M1/Bro.**

United States District Court, W.D. Tennessee, Western Division.

Nov. 15, 1994.

Bruce Prophete, pro se.

## ORDER OF DISMISSAL

McCALLA, District Judge.

Plaintiff, Bruce Prophete, an inmate at the Shelby County Criminal Justice Complex (Jail), has filed a complaint under 42 U.S.C. § 1983.

■ Plaintiff sues Shelby County Sheriff, A.C. Gilless, alleging that conditions at the jail violate the Cruel and Unusual Punishments Clause of the Eighth Amendment, in that food is transported from the kitchen to cells on carts, resulting in the food being cold when it is served to inmates.

■ The Eighth Amendment prohibits the intentional infliction of cruel and unusual punishment on an inmate. *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Within the context of claims that prison conditions violate the Eighth Amendment, prison officials inflict cruel and unusual punishment if they act with deliberate indifference so that inmates are deprived of the "minimal civilized measure of life's necessities." *Id.* at 298–303, 111 S.Ct. at 2324–26. The Constitution " 'does not mandate comfortable prisons.' " *Id.* at 298, 111 S.Ct. at 2324 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)). Plaintiff does not allege a single concrete deprivation of a necessity of life, and thus has no Eighth Amendment claim.

Courts have held that prison officials should supply "nutritionally adequate food that is prepared and served under conditions which do not present an *immediate* danger to the health and well-being of the inmates who consume it." *Ramos v. Lamm,* 639 F.2d 559, 571 (10th Cir.1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981) (emphasis added).[1]

Cold food does not pose such a danger, and thus does not constitute the deprivation of a necessity of life. Neither does plaintiff's speculation that the food runs the risk of

---

1. *See also Jones v. Diamond,* 636 F.2d 1364, 1378 (5th cir.1981) (food must be reasonably nutritious); *Cunningham v. Jones,* 567 F.2d 653, 657–60 (6th Cir.1977) (same); *Finney v. Arkansas,* 505 F.2d 194 (8th Cir.1974); *United States v. State of Michigan,* 680 F.Supp. 270, 276 (W.D.Mich.1988); *Kennibrew v. Russell,* 578 F.Supp. 164, 168 (E.D.Tenn.1983); *Inmates, Washington County Jail v. England,* 516 F.Supp. 132, 140 (E.D.Tenn.1980); *Moss v. Ward,* 450 F.Supp. 591, 596 (W.D.N.Y.1978); *Landman v. Royster,* 333 F.Supp. 621 (E.D.Va.1971).

being contaminated with bacteria between the kitchen and cells amount to an allegation of conditions posing an "immediate danger to his health and well-being." Rather, this latter claim is factually delusional.

Furthermore, an Eighth Amendment claim requires the plaintiff to show that the defendant prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan,* —— U.S. ——, ——, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). Plaintiff has sued only the Sheriff. He makes no allegations whatsoever about the intent or knowledge of any jail official, much less the Sheriff. There is no *respondeat superior* liability under section 1983. *Monell v. Dept. of Soc. Serv.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984) (liability under section 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct). It is clear from the face of the complaint, even construed liberally under *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), that plaintiff relies entirely on the supervisory capacity of defendant Gilless as the basis for his claim of a Constitutional violation. Plaintiff's Eighth Amendment claims lack an arguable basis either in law or in fact, and are therefore frivolous. *See Denton v. Hernandez,* —— U.S. ——, ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

As the complaint is frivolous, it is DISMISSED pursuant to 28 U.S.C. § 1915(d).

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis.* Twenty-eight U.S.C. § 1915(a) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Accordingly, it would be inconsistent for a dis-

trict court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis. See Williams v. Kullman,* 722 F.2d 1048, 1050 n. 1 (2nd Cir.1983). The same considerations that lead the court to dismiss this case as frivolous also compel the conclusion that an appeal would be frivolous.

It is therefore **CERTIFIED,** pursuant to 28 U.S.C. § 1915(a), that any appeal in this matter by plaintiff, proceeding *in forma pauperis,* is not taken in good faith.

**IT IS SO ORDERED.**