48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 CITIZENS COMMITTEE FOR DEMOCRATIC CANDIDATE ELIOT P. GOULD,
Plaintiff/Appellant,
v.
Jack O'MALLEY, Defendant/Appellee.
 No. 94-1220.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1995.*
Decided March 2, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Eliot P. Gould sought to be a candidate for a judgeship in the Circuit Court of Cook County in the March 15, 1994 election. Before the election, Gould was ordered by an Illinois state court to withdraw his Statement of Candidacy on the ground that Gould had falsely represented himself as a qualified candidate and as an attorney licensed to practice law in Illinois. Gould filed an "emergency ex parte motion" in the district court to stay the state court proceeding and to maintain his name on the ballot. Judge Harry D. Leinenweber, who heard the emergency motion, summarily dismissed Gould's action for lack of federal jurisdiction. After a de novo review and construing the complaint liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we affirm the judgment of the district court.[1]
 
 
 2
 Gould attempts to bring a claim under the Voting Rights Act, 42 U.S.C. Sec. 1973, which rests on the enforcement provision of the Fifteenth Amendment. Specifically, he refers to the one-person, one-vote principle embodied in Section 2 of the Act, which makes it illegal to deny or abridge, on account of race, any person's right to vote. See Baird v. Consolidated City of Indianapolis, 976 F.2d 357, 358 (7th Cir.1992), cert. denied, 113 S.Ct. 2334 (1993). But Gould does not allege any racial discrimination. Thus, his claim under the Act must fail.
 
 
 3
 The right to associate to advance political beliefs and the right of voters to cast their votes effectively are fundamental rights, see Illinois State Bd. of Elections v. Socialist Workers Party, 440 U.S. 173, 184 (1979), and minor political parties can challenge, under the equal protection clause of the Fourteenth Amendment, provisions of state law that make it harder to get the candidates of such parties on the ballot. See, e.g., id.; Gjersten v. Board of Election Com'rs for City of Chicago, 791 F.2d 472 (7th Cir.1986); Bowe v. Board of Election Com'rs of City of Chicago, 614 F.2d 1147 (7th Cir.1980). Gould does not point to any specific unconstitutional restrictions imposed by the state concerning access to the ballot. As far as we can tell, he simply wanted to have his name on the ballot even though he was not a qualified candidate under state law. We have no jurisdiction over state law disputes absent a violation of the constitution or of federal law, nor do we have authority to order state officials to comply with state law. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984). Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Although the March 15, 1994 election has long past, that fact will not necessarily render the case moot, since Gould may hope to run for office in future Illinois elections and the issue involved is capable of repetition but evades review. See, e.g., Fulani v. Hogsett, 917 F.2d 1028, 1030 (7th Cir.1990), cert. denied, 501 U.S. 1206 (1991); Hall v. Simcox, 766 F.2d 1171, 1172 (7th Cir.), cert. denied, 474 U.S. 1006 (1985); Bowe v. Board of Election Com'rs of City of Chicago, 614 F.2d 1147, 1149 n. 2 (7th Cir.1980)