NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2011[*]
Decided November 9, 2011

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1637

| | |
|---|---|
| ELIOT PAUL GOULD, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 10-3265 |
| | |
| BRYAN A. SCHNEIDER, in his | Michael M. Mihm, |
| capacity as Chairman of the | *Judge.* |
| Illinois State Board of Elections, | |
| *Defendant-Appellee.* | |

**O R D E R**

Eliot Gould appeals the dismissal of his complaint brought under 42 U.S.C. § 1983 and the Voting Rights Act, *id.* § 1973, against Bryan Schneider as Chairman of the Illinois State Board of Elections. Gould claims that § 10-8 of the Illinois Election Code, 10 ILCS 5/10-8, violates his constitutional and statutory rights. The district court concluded that

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

Gould has standing to sue but dismissed his complaint on the ground that it fails to state a claim. See FED. R. CIV. P. 12(b)(6). We affirm the judgment.

Gould is not a lawyer but over the years has sought relief in federal court when, in his view, state officials have hindered his attempts to seek election as a judge or district attorney. See *Citizens Comm. for Democratic Candidate Eliot P. Gould v. O'Malley*, 1995 WL 87175 (7th Cir. 1995); *Gould v. Richardson*, No. 1:08-cv-00505-JB-DJS (D. N.M. March 28, 2009). This time he hints at running in Illinois for a federal office, though he does not say which one. His complaint makes reference to the 2010 election in Illinois for the United States Senate, and was filed a month before that election. Gould claims that § 10-8, which allows any voter to file a petition with the Illinois State Board of Elections objecting to a candidate's nomination papers, violates the Voting Rights Act and contravenes the Seventeenth Amendment's requirement that senators be elected directly and the Twenty-Fourth Amendment's prohibition against poll taxes. Gould says that § 10-8 is "as confederate as an oath by Jim Crow" and serves as an exclusionary device by adding an "additional burden upon candidates and minority groups." He asserts that § 10-8 provides a "safe haven" for conspiracies and continuing abuses. Gould identifies himself in the complaint as a United States citizen, an Illinois inhabitant, and an Illinois and federal taxpayer. As relief he asks the district court to declare § 10-8 invalid and enjoin the State Board of Elections from enforcing it.

Schneider moved to dismiss, arguing that Gould's complaint fails to state a claim but also that Gould does not have standing to sue. Schneider did not challenge the veracity of Gould's allegations that he lives and pays taxes in Illinois.[1] But Schneider insisted that standing is not conferred by virtue of paying taxes and argued that Gould "does not claim standing as a voter or even assert that he is a voter." In his opposition to that motion,

---

[1] Gould tried in 2008 to have his name placed on the ballot as a candidate for district attorney in the First Judicial District of New Mexico, which encompasses Santa Fe County and two adjacent counties. See *Gould v. Richardson*, No. 1:08-cv-00505-JB-DJS (D. N.M. March 28, 2009). It has not escaped our attention that Gould currently maintains the website www.eliotgould.com through which he appears to be soliciting donations to fund another run at that office. On his website Gould provides a Santa Fe address and fax number. He also represents that candidates for the office he seeks must be registered to vote in New Mexico and have lived in the state for the three years preceding the election. Gould says that he meets these requirements, and if that representation is truthful, then his claim that he was an inhabitant of Illinois when he filed this litigation in late 2010 would appear to be false. Schneider has not challenged the truth of the allegations in Gould's complaint, however, and so for purposes here we accept those representations as true.

Gould repeats the allegations from his complaint and asserts that several qualified African-American senatorial candidates were excluded from the ballot because of § 10-8. He also emphasizes that he "may desire to seek" federal office.

A magistrate judge reviewed Schneider's motion to dismiss and recommended that it be granted, though not for lack of standing. Explaining that pro se pleadings are read liberally, the magistrate judge construed Gould's complaint to allege that § 10-8 interferes with the voting rights of Illinois citizens. And though Gould does not "expressly allege that he is a voter," the magistrate judge reasoned, his assertions concerning his citizenship, residency, and payment of taxes reasonably imply that he is eligible to vote in Illinois and therefore has standing as a voter. On the other hand, the magistrate judge agreed with Schneider that Gould's complaint fails to state a claim. The magistrate judge concluded that § 10-8 imposes no greater burden on candidates than the signature requirements we upheld in *Nader v. Keith*, 385 F.3d 729, 733 (7th Cir. 2004). Moreover, the magistrate judge explained, § 10-8 does not violate the Voting Rights Act because it neither prevents anyone from voting nor keeps a potential candidate off the ballot because of race or color. And the provision also complies with the Seventeenth and Twenty-Fourth Amendments, the magistrate judge continued, because it does not interfere with the direct-election requirement for senators or impose any tax on voters.

Gould and Schneider both objected to the magistrate judge's Report and Recommendation. Schneider argued that the magistrate judge wrongly concluded that Gould has standing to sue and should not have afforded his complaint a liberal reading on that question. Gould disputed the merits analysis. The district court rejected both sides' objections and adopted the Report and Recommendation. The court first concluded that, although the standing issue is "extremely close," Gould has standing as a voter. The court reasoned that, although Gould does not explicitly identify himself as an Illinois voter, he does allege that § 10-8 alters the outcome of elections by removing candidates from the ballot. This contention, the court explained, when "read liberally" with Gould's claim to be a citizen and an Illinois inhabitant and taxpayer, demonstrates that he is "challenging an Illinois election law that is burdening his rights as a voter." Having found standing, however, the district court nonetheless agreed with the magistrate judge's assessment that Gould's complaint fails to state a claim.

In this court the parties' contentions mirror their objections to the magistrate judge's Report and Recommendation, and our review likewise begins with the question of standing. Schneider essentially contends that Gould cannot have standing because in his complaint he does not assert "that he is a registered voter in Illinois, has ever voted here, or even intends to vote here in the future." And, says Schneider, the district court's liberal construction of Gould's complaint amounted to "manufacturing subject-matter

jurisdiction." Schneider adds that Gould saying he might seek federal office in the future, as he did in responding to the motion to dismiss, did not shore up his standing to sue.

To have standing to challenge a state election statute under the Voting Rights Act or the Seventeenth or Twenty-Fourth Amendments, the plaintiff must be qualified to vote or a potential candidate. See *Allen v. State Bd. of Elections*, 393 U.S. 544 (1969); *Gray v. Sanders*, 372 U.S. 368, 375 (1963); *LaRoque v. Holder*, 650 F.3d 777, 785–86 (D.C. Cir. 2011); *Judge v. Quinn*, 612 F.3d 537, 541, 543–46 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 2958 (2011); *Coal. for Sensible & Humane Solutions v. Wamser*, 771 F.2d 395, 399 (8th Cir. 1985). The plaintiff also must show that the challenged statute caused an "injury in fact"—concrete and either actual or imminent—that is likely to be redressed by a favorable decision. *Massachusetts v. EPA*, 549 U.S. 497, 517 (2007); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–62 (1992).

Schneider is incorrect in asserting that allegations made in response to a motion to dismiss cannot be considered in assessing whether standing exists. See *Warth v. Seldin*, 422 U.S. 490, 501–02 (1975); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010); *Hope, Inc. v. DuPage County, Ill.*, 738 F.2d 797, 808 (7th Cir. 1984) (*en banc*). And we disagree with Schneider's contention that a district court may not liberally construe a pro se litigant's factual allegations pertaining to standing, just as the court must do in assessing whether a pro se complaint states a claim for relief. The Supreme Court, in repeatedly reminding that pro se complaints be liberally construed, see, *e.g., Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993), has not distinguished between allegations concerning standing and those relating to the litigant's substantive claims. We consistently read the substantive allegations in pro se complaints liberally, see, *e.g., McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (2009); *Obriecht v. Raemisch*, 517 F.3d 489, 492 n.2 (7th Cir. 2008), and we have suggested that allegations pertaining to standing also deserve a liberal reading in *pro se* complaints, see *Walters v. Edgar*, 163 F.3d 430, 437 (7th Cir. 1998). Other circuits have made this principle explicit. See *Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135, 142 n.8 (2d Cir. 2000) ("[T]he obligation to read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest . . . extends to the question of standing no less than it does to any other issue." (quotation marks and citations omitted)); *Boswell v. Mayer*, 169 F.3d 384, 387–88 (6th Cir. 1999) (explaining that plaintiff's "status as a *pro se* litigant affords relief from the standing problem" because "[*p*]*ro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings").

In this case, Gould alleges—and, we repeat, Schneider does not contest—that he is an inhabitant of Illinois and pays taxes in the state, and that he has contemplated running for elective office (as we know from prior litigation that he tried to do in Illinois at least

once before). Gould claims that § 10-8 burdens the rights of Illinois voters and potential candidates for elective office by keeping qualified persons off the ballot and thus diluting the array of choices available to the electorate. We agree with the magistrate judge and the district court that, if his complaint is read liberally, Gould places himself among the Illinois voters whose right to vote, or even to attain elected office, is allegedly impaired by § 8-10. He therefore has standing. See *Judge*, 612 F.3d at 545 (explaining that "[w]here a plaintiff's voting rights are curtailed, the injury is sufficiently concrete to count as an 'injury in fact'").

Having standing, though, does not mean that Gould has stated a claim. On the merits we agree with the thorough analyses and the conclusions of the magistrate judge and the district court. Gould's appellate brief, although lengthy, does little to suggest error in the district court's dismissal of his complaint. In fact, Gould writes, "Argument within the Brief does not attempt to litigate the questions of the Complaint," and he discusses only a series of abstract legal tests. We have reviewed his contentions, and none of them convinces us that the district court erred in dismissing his complaint under Rule 12(b)(6).

AFFIRMED.